LEWIS C. NELSON & another [1] vs. MARJORIE L. PEDERSEN
& another.

Middlesex.     December 10, 1971. — March 13, 1972.

Present: TAURO, C.J., CUTTER, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Contract, Parties. Loan. Debt.*

In an action in contract to recover money lent by two brothers to their
niece and her husband, the defendants, there was no error in
denial of a motion by the husband for a directed verdict where,
although the wife alone signed a memorandum of the loan agree-
ment and received the proceeds of the loan, the money was lent to
enable them to purchase a house and they took title to the house
purchased as tenants by the entirety. [393–394]

In an action in contract to recover money lent by two brothers to their
niece and her husband, the defendants, where there was evidence
warranting findings that the brothers lent money to the defendants
to enable them to purchase a house and on certain conditions,
which were not met by the defendants, there was no error in the
denial of a motion by the defendants for directed verdicts. [393–394]

In an action in contract to recover money lent, allegation and proof of
an express promise to repay were not required. [394]

CONTRACT.   Writ in the Superior Court dated August
4, 1969.

The action was tried before *Bennett, J.*

*Stephen A. Moore* for the defendants.

*Vincent A. Canavan* for the plaintiffs.

TAURO, C.J.   This is an action in contract to recover
$15,000 lent by the brothers to the defendants.   On Au-
gust 4, 1964, the brothers and the defendant Marjorie
L. Pedersen executed a memorandum "concerning . . .
[certain family] financial arrangements." [2]   The jury

---

[1] The original plaintiffs were Israel Maynard Nelson and Lewis C.
Nelson. Israel Maynard Nelson died after this action was brought and
Leo Sontag was appointed as special administrator. Israel and Lewis
are hereinafter referred to as the "brothers."

[2] "This is to put into writing this day my contract with my niece,
Marjorie L. Pedersen, concerning the financial arrangements of com-

returned a verdict for the brothers and the case is here on the defendants' exceptions to the denial of their motion for directed verdicts; to the admission and exclusion of certain evidence; to certain instructions given to the jury and to the judge's refusal to give certain other instructions; and to the allowance of the filing of a substitute declaration after the close of the evidence. A review of the entire record, including the transcript of the testimony, discloses no error.

From the evidence the jury could have found as follows. The brothers lent $15,000 to the defendants (their niece and her husband) to assist the defendants in the purchase of a house; they were to receive four per cent interest; the brothers were to live with the defendants under certain prescribed conditions and the defendants failed to meet the prescribed conditions.

There is no merit to the contention of the defendant Charles W. Pedersen that the evidence did not warrant a jury verdict against him. The defendants are husband and wife. The money was lent to them to assist them in the purchase of a house. They took title as tenants by the entirety. The defendant Charles W. Pedersen benefited equally with his wife from the loan. The mere fact that the agreement was not signed by Charles W. Pedersen and that the check for $15,000 was initially turned over to the defendant Marjorie L. Pedersen is not decisive. There was a clear indication by the conduct of the parties that the loan was made to and for the benefit of both defendants and that Marjorie was

---

bining the respective households of my brother, L. Clifford, my aforementioned niece and her family, and myself at this address.

"My brother Clifford and I together have invested $15,000 in the house at 38 Everett Avenue, Winchester, and my niece, Marjorie, has agreed to pay us interest at 4% on this sum — quarterly, beginning October 1, 1964.

"My brother Clifford and I will each pay my niece the sum of $65.00 per month for board, room, and linen laundry – no ironing. This combined sum of $130.00 monthly (due on the 10th of each month) is to cover the taxes on the property and may need to be adjusted at the end of each year.

"Signed and witnessed this fourth day of August 1964 at Winchester, Massachusetts." (Signed by I. Maynard Nelson, Lewis C. Nelson and Marjorie L. Pedersen.)

acting for herself and her husband. *McQuade* v. *Springfield Safe Deposit & Trust Co.* 333 Mass. 229, 233.

On conflicting evidence the jury could have found that the brothers intended to make a loan conditioned on a satisfactory rendition of services by the defendants. The defendants violated the conditions, and the return of the money is properly sought. It is sufficient to allege and prove that the brothers lent money to the defendants at their request, and there is no requirement of an express promise to repay, as the law implies such a duty unless no benefit results to the borrower. 58 C. J. S., Money Lent, § 26. See *National. Shawmut Bank* v. *Citizens Natl. Bank,* 287 Mass. 329, 337.

We have considered all other contentions raised by the defendants' exceptions and find them to be without merit.

*Exceptions overruled.*