[redacted]

**Edward SOUTIEA et al., Appellants,**

**v.**

**AMERICAN NATIONAL INS. CO., Respondent.**

**No. 41118.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 26, 1980.

[redacted]

Lawrence J. Permuter, Clayton, for appellants.

Peter B. Hoffman, St. Louis, for respondent.

REINHARD, Judge.

Plaintiffs appeal from a summary judgment entered in favor of defendant by the trial court under Rule 74.04. Plaintiffs' case against defendant was for the alleged failure to pay the benefits under a life insurance policy. On appeal, plaintiffs submit that the trial court erred·in rendering said summary judgment in that there remained a genuine issue of material fact and because "two conclusions of law upon which the trial court based its decision" were erroneous.

From the record we learn that defendant's agent, Arthur J. Franks, came to plaintiffs' home to discuss the purchase by plaintiffs of a policy of life insurance on the life of their son, Wayne Edward Soutiea. On that date, Wayne Edward Soutiea was eighteen years of age. Plaintiff, Marcella Soutiea, was to be the beneficiary of the insurance. There is a dispute as to what occurred at this meeting regarding the application. However, the parties do not dispute the following facts: 1.) that plaintiff, Marcella Soutiea, gave a check in the amount of $4.38 to the agent which was subsequently cashed by the defendant; 2.) that Wayne Edward Soutiea died on September 28, 1968 and plaintiffs filed with the defendant proof of death; 3.) that subsequent to the notification of death defendant issued a check made payable to Marcella Soutiea in the amount of $4.38; 4.) that

written on the front of the check was: "refund on deposit of Wayne E. Soutiea. Application not secured."; and 5.) that this check was cashed.

On October 5, 1976, plaintiffs, Edward and Marcella Soutiea, filed a petition in which they alleged that on or about September 16, 1968, plaintiff Marcella Soutiea, applied for a written policy of insurance on the life of her son, Wayne Edward Soutiea, in the face amount of $2,500.00. The terms of the policy required plaintiffs to pay defendant, American National Insurance Company, $4.38 per month. Plaintiff, Marcella Soutiea, was to be the beneficiary. In the petition, the plaintiffs further alleged that on the date of the application, plaintiff, Marcella Soutiea, gave a duly authorized agent of defendant a check in the amount of $4.38 made payable to the order of defendant. The plaintiffs further stated that the defendant accepted and deposited the check and that upon this acceptance the company "became obligated to supply, issue and cause to be delivered to the plaintiff, MARCELLA SOUTIEA, a written policy of insurance . . . ." The petition also contained allegations that Wayne Edward Soutiea had died on September 28 and that plaintiff, Marcella Soutiea, had filed proof of death with the defendant.

The plaintiffs further allege that the first premium had been refunded and that they had complied with and met all their obligations and duties under the agreement and had performed all the conditions to said agreement. Finally, the plaintiffs alleged that defendant "vexatiously refused to pay" the death benefit owed to the plaintiff, Marcella Soutiea, under the terms of the policy of insurance.

Subsequently, defendant filed an amended answer wherein they admitted their corporate existence, but denied each and every other allegation contained in plaintiffs' petition. The record further discloses extensive discovery by the parties. In due course both parties filed motions for summary judgment. The court sustained defendant's motion.

On reviewing a motion for summary judgment, we must scrutinize the record in the light most favorable to the parties against whom the motion was ruled and accord to such parties the benefit of every doubt. *Edwards v. Heidelbaugh*, 574 S.W.2d 25, 27 (Mo.App.1978). The trial court may render a summary judgment only when the movant shows from the pleadings, depositions, and admissions together with affidavits on file that there exists no genuine issue of material fact and as a matter of law, the movant is entitled to judgment. *Phegley v. Porter-DeWitt Construction Co.*, 501 S.W.2d 859, 863 (Mo.App. 1973); Rule 74.04(c). The movant, in this case the defendant, must make such a showing by "unassailable proof". *Phegley v. Porter-DeWitt Construction Co.*, 501 S.W.2d 859, 863 (Mo.App.1973). A "genuine issue of material fact" exists whenever there is the slightest doubt as to the facts. *Seliga Shoe Stores, Inc. v. City of Maplewood*, 558 S.W.2d 328, 331 (Mo.App.1977).

Here, defendant's motion for summary judgment relied upon the pleadings, answers to interrogatories, admissions and affidavits. Arthur J. Franks, by affidavit, stated that he was a representative of the American National Insurance Companies; that before the death of Wayne Edward Soutiea an application for life insurance was partially completed on the life of the proposed insured; that before any information was placed on the application for insurance, Marcella Soutiea handed him a check in the amount of $4.38 which was intended to be the first premium payment; that Mrs. Soutiea asked him if she could sign the application for her son and that he informed her this was not permitted; that he told Mrs. Soutiea that her son would have to sign the application; that the son was eighteen years of age at the time of the partial completion of the application; that Franks attempted to obtain the signature of the son, but was unable to do so; that neither the son nor Mrs. Soutiea signed the application; and that because the son never signed the application, he never prepared or gave a conditional receipt to the plaintiffs.

In support of their motion for summary judgment, plaintiffs filed an affidavit of Marcella Soutiea in which she stated that Franks presented an application of insurance to her; that the application was filled out; that she signed the application; that Franks advised her that her son would never be required to sign the application as a condition to the insurance; that she paid the first premium to Franks; and that her son died thereafter.

Plaintiffs' petition alleged that no policy of insurance was issued and plaintiffs' answers to interrogatories admitted that the son did not sign the application for insurance on his life. The plaintiffs' answers further admitted that neither the defendant nor any of its agents left or delivered any documents on the date of the making of the application.

The court, in denying plaintiffs' motion and sustaining defendant's motion for summary judgment, concluded that the policy of insurance was not in effect at the date of the death of Wayne Edward Soutiea. The court specifically found: "It is undisputed that the conditional receipt was not delivered to plaintiffs by defendant's agent in exchange for the payment of the first premium. The provisions of the application clearly require such an exchange before coverage is effected." The court further found: "It is also undisputed that the proposed insured did not sign the application. Company regulations require the signature of a proposed insured over the age of sixteen. The application expressly excludes any waiver or modification of the application on the part of the agent."

On appeal, plaintiffs confine their complaints to the court's determination that: 1.) the application "clearly" requires an exchange of the conditional receipt for the first premium before coverage is effected and 2.) the absence of the signature of the proposed insured on the application precludes the coverage for the reason that the regulation of the company requires such a signature. The application expressly provides as follows:

The undersigned declares that the statements and answers to the questions in this application are complete and true to the best of his knowledge and belief.

The undersigned agrees that: (1) these statements and answers shall form the basis for and become part of the contract of insurance applied for; (2) if the full first premium on the insurance applied for is paid in exchange for the Conditional Receipt bearing the same date and serial number as this application, the liability of the Company shall be in accordance with the provisions of the Conditional Receipt; (3) if the full first premium on the insurance applied for is not paid with this application the Company shall incur no liability until this application has been approved, a policy issued, and the full first premium paid upon delivery of the policy during the lifetime and good health of the proposed insured; (4) the Company is authorized to amend this application in the space headed "Home Office Corrections and Amendments" except that no change in the amount, classification, plan of insurance, or benefits shall be effective unless agreed to in writing by the proposed insured, or by the applicant if other than the proposed insured; (5) information disclosed to or knowledge on the part of any medical examiner or representative of the Company as to any facts pertaining to the proposed insured shall not be considered as knowledge of the Company unless reduced to writing and made a part of this application.

■ It is clear that an application for insurance is an offer by the applicant for a contract of insurance. *Haman v. Pyramid Life Ins. Co.*, 347 S.W.2d 449, 454 (Mo.App. 1961); 43 Am.Jur.2d "Insurance" § 208 (1969). No completed contract exists until both parties comply with all conditions precedent to the contract's formation and the insurer accepts the applicant's offer. *Fernan v. Prudential Ins. Co.*, 162 S.W.2d 281, 283 (Mo.App.1942).

■ Here, the plaintiffs admit that they never received the conditional receipt.

However, they maintain that because the application fails to specify that the sole method of the company's manifesting acceptance for temporary insurance is the exchange of a conditional receipt that said application is ambiguous. If it is ambiguous the law of Missouri requires that it be construed in favor of the insured, *Kay v. Metropolitan Life Ins. Co.*, 548 S.W.2d 629, 631 (Mo.App.1977) and against the insurer who drew it. *Wilson v. Kansas City Life Ins. Co.*, 233 Mo.App. 1006, 128 S.W.2d 319, 324 (1939).

We find no ambiguity here. " 'Ambiguous' as that term is applied to the language of insurance policies and written contracts generally, means reasonably and fairly open to different constructions . . ." *First National Bank v. Farmers New World Life Ins. Co.*, 455 S.W.2d 517, 522 (Mo.App. 1970). We fail to see how the above quoted provision could be "reasonably and fairly open to different construction." The language of the provision clearly indicates that the *only* method of obtaining temporary insurance is by paying the first premium *in exchange* for the conditional receipt. Simply paying the first premium does not fulfill the conditions of the provision.[1] An exchange did not occur here and therefore the liability of the company pursuant to the conditional receipt never came into effect. Confronted with the pleadings, affidavits, and other documents before it, the court properly ruled as a matter of law that no contract of insurance existed between the parties.

In light of our holding above regarding the essential exchange of a conditional receipt, a decision as to the effect of Marcella Soutiea's signing the application, if in fact she did, instead of the insured, need not be discussed because a decision in this regard could not affect our holding that no insurance was in effect.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

---

1. In *Meyers v. State Farm Life Ins. Co.*, 416 S.W.2d 10 (Mo.App.1967), the agent lent insured the money for the first premium and filled out the conditional receipt but failed to deliver same to insured. There the court held that the agent became an agent for insured. Under these circumstances the court found that the execution of the conditional binding receipt coupled with the payment of the first premium constituted a contract. There is no contention here that the conditional receipt was executed or that Franks was acting as an agent for plaintiffs.