Shirley RANDALL, Plaintiff–Appellant,

v.

Paul HARMON and Betty J. Harmon, Defendants–Respondents.

No. 15523.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 30, 1988.

James M. Martin, Martin, Bahn, Malec and Cervantes, St. Louis, for plaintiff-appellant.

Irvin R. Zwibelman, Zwibelman, Edelman & Walter, Clayton, for defendants-respondents.

PREWITT, Judge.

Appellant appeals from the trial court's order finding that a compromise settlement had been agreed to by the parties and in ordering them to carry out that settlement.

Case law has established that an agreement to settle a pending law suit may be enforced by a proper motion. Such a motion adds to the pending action a collateral action seeking specific performance of the agreement. *Landmark Bank v. First National Bank in Madison,* 738 S.W.2d 922, 923 (Mo.App.1987). The party requesting specific performance of a settlement agreement has the burden of proving, by clear, convincing and satisfactory evidence, his claim for relief. *Id.*

The parties entered into an agreement on December 14, 1984, by which appellant and her husband, now deceased, agreed to sell to respondents thirteen acres of real estate

located in Crawford County known as "Possum Hollow Farm". Before January 25, 1985, the date of closing, the home and furnishings, which were also to be sold, situated on the property were destroyed by fire. Insurance proceeds of $80,000 were deposited in the registry of the court by the insurance company.

Settlement discussions took place between the parties' attorneys. On September 24, 1987, plaintiff's attorney mailed a letter to defendants' attorney which stated:

1. Mr. and Mrs. Randall (or their assignee) will transfer by warranty deed all of their right, title and interest to the property on Possum Hollow Road to your clients (I mention assignee, inasmuch as I have suggested that their daughter obtain the title to the property due to Mr. Randall's continuing physical disabilities).

2. A partial division of the proceeds of the insurance presently on deposit at the Court in the sum of $17,000.00 to go to your clients.

3. Both parties will drop all other claims they have against one another arising out of the incident.

4. That in addition, Mr. and Mrs. Randall or their assignee will agree to defend the title and hold your clients harmless in the event any liens or claims are placed against the title to the real estate for the real estate commission.

On September 25, 1987, respondents' attorney sent a letter to plaintiff's attorney. Included with it was a stipulation of settlement and dismissal. This stipulation set forth two conditions not in the original settlement proposal: (1) That upon order of the court approving the stipulation and authorizing the payment of the $17,000, the respondents were to receive their court costs "including but not limited to the deposition costs of Defendants, HARMON, totaling $534.50." (2) Appellant and her husband to receive all other monies in the court, less costs, and appellant to be responsible for assuming and paying all court costs.

The stipulation was never executed. On October 22, 1987, appellant's attorney wrote respondents' attorney, stating in part:

I previously advised ... you ... that there were some problems outside the range of the $17,000.00 and those principally were with your added-on provision to pay the costs of your client in the sum of $588.00.

I advised that I would present this issue to my client and that I generally had no objections, however they do have some objections and I communicated that to ... you....

With this letter was a redrafted stipulation eliminating the requirement that appellant and her husband pay the court costs.

On October 26, 1987, respondents filed a motion seeking to enforce the settlement. The motion included an affidavit by counsel setting forth his understanding of the negotiations with appellant's attorney. Appellant's attorney then filed an affidavit contradicting in part the affidavit of respondents' attorney. On November 3, 1987, the court held a hearing on the motion to enforce settlement. After reviewing the affidavits and hearing argument of counsel, the court entered an order enforcing the terms of the settlement which followed the letter of appellant's attorney dated September 24, 1987, except "[t]hat all deposition costs submitted by both parties or Court costs assessed shall be paid out of the interest from the funds on deposit with this Court's Registry".

■ A compromise settlement is a contract. *Schroeder v. Dy-Tronix, Inc.,* 723 S.W.2d 934, 936 (Mo.App.1987); *DeWitt v. Lutes,* 581 S.W.2d 941, 945 (Mo.App.1979). To have legal validity a compromise settlement must possess the essential elements of any other contract. *Sexton v. First National Mercantile Bank,* 713 S.W.2d 30, 31 (Mo.App.1986).

■ A contract is not complete until the proposition of one is presented to the other and accepted as presented. *Revere Copper & Brass v. Manufacturers' Metals & Chemicals,* 662 S.W.2d 866, 870 (Mo.App. 1983). The acceptance of a proposition presented by one must be accepted by the

other in the form tendered, and if the acceptance adds to or alters the proposition made, then neither party is bound. *Id.*

 By adding to the terms of the original settlement offer, respondents made a counteroffer and rejected the original offer. See *Londoff v. Conrad,* 749 S.W.2d 463, 465 (Mo.App.1988).

 Before there is a contract there must be apparent mutual assent of the parties to its terms and the essential terms must be certain or capable of being certain. *Marc's Restaurant v. C.B.S.,* 730 S.W.2d 582, 585 (Mo.App.1987); *Sharpton v. Lofton,* 721 S.W.2d 770, 776 (Mo.App.1986); *Johnston v. First National Bank & Trust Company,* 624 S.W.2d 500, 504 (Mo.App. 1981).

Although the trial court made a common-sense determination of this matter so that neither party would have to bear the court costs, we must still determine if the parties actually entered into such an agreement. Respondents contend that the issue on costs was rendered moot by the court's order, but that does not answer whether a contract of settlement was entered into by the parties.

On the record before us respondents did not show by clear, convincing and satisfactory evidence that they were entitled to relief granted. By adding terms to the original offer respondents rejected that offer and made a counteroffer which was never accepted. Thus, they never entered into a contract.

The judgment is reversed and the cause remanded with directions that the court enter an order denying the motion to enforce settlement and proceed to trial on the principal pleadings.

FLANIGAN, P.J., and HOGAN and MAUS, JJ., concur.