Michael James PLUNKETT, Plaintiff–Appellant,

v.

Jerry PARKIN and Don Parkin d/b/a Parkin Pump and Water Service, Defendants–Respondents.

No. 16242.

Missouri Court of Appeals, Southern District, Division One.

April 30, 1990.

Gerald Meyr, W. Robert Cope, Summers, Cope & Walsh, Poplar Bluff, for plaintiff-appellant.

W. Dean Million, Poplar Bluff, for defendants-respondents.

PREWITT, Judge.

Plaintiff claimed defendants breached an oral contract to dig a well on plaintiff's property because the water from the well was of insufficient quality and quantity. Following nonjury trial judgment was entered for defendants. Plaintiff appeals.

Here, plaintiff contends that the trial court's judgment was against the weight of the evidence and the trial court erroneously applied the law "in that the plaintiff produced substantial evidence that the defendant first, contracted to produce a water well which would supply water of a good, useable quality and in sufficient quantities to supply the household needs of the plaintiff, and second, the defendant produced substantial evidence that said well failed to produce".

Review is under Rule 73.01(c). As that rule is interpreted in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we are to affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or erroneously applies the law. Under that holding we are to set aside a judgment because it is against the weight of evidence only with caution and "with a firm belief that the decree or judgment is wrong." *Id.*

"Weight of the evidence" means its weight in probative value, not its quantity. *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo.App.1990). "The weight of evidence is not determined by mathematics, but on its effect in inducing belief." *Id.*

On appellate review of a case tried without a jury, "[d]ue regard shall be given to the opportunity of the trial court to have judged the credibility of witnesses." Rule 73.01(c)(2); *Centennial Insurance Co. v. International Motor Car*, 581 S.W.2d 883, 885 (Mo.App.1979). The trial judge as the trier of fact can disbelieve testimony even where uncontradicted. *Robinson v. Estate of Robinson*, 768 S.W.2d 676, 677 (Mo.App. 1989).

No findings of fact were requested and as the trial court did not make any, all fact issues are determined in accordance with the court's judgment. Rule 73.01(a)(2); *Young v. Ray America, Inc.*, 673 S.W.2d 74, 78 (Mo.App.1984).

There was no evidence that defendants improperly drilled or constructed the well. Plaintiff's theory was that defendants in effect warranted that there would be sufficient quantity and quality of water for residential use and that neither occurred. The exact terms of the agreement were in dispute. Defendant Jerry Parkin who made the agreement with plaintiff testified that the drilling was only warranted that if it "was done wrong or improperly, it would be repaired for no cost" and that there would be sufficient quantity of water provided to plaintiff's home. He claimed that there was no promise as to the quality of the water. Defendants also denied that the water was insufficient or improper for residential use and contended that their examinations of it showed that the water was adequate in quantity and quality.

The well was finished in September or October 1986. Plaintiff made no payment to defendants until April 1987. He was billed $5,921.51 for the well and paid $5,721.51. With that payment was sent a note from plaintiff and his ex-wife which stated:

Enclosed is our check for $5,721.51. As you can see, there is a difference of

$200.00 in this and the invoice. After much discussion and thought, we feel this is a fair deduction. The delays in getting the well working properly cost us at least this much in ruined clothing and trips to Poplar Bluff to do our wash. We hope you can see our point of view.

Plaintiff contacted another well driller who constructed two more wells for him, the first in March of 1988 and the second of which, according to plaintiff, produced "satisfactory water". Exactly when that well was drilled is not in the record. After the second well was constructed, the well drilled by defendants was capped with concrete.

Of course, plaintiff had the burden of proof to convince the trier of fact of the validity of his claim. See *Leonard v. Hodge,* 654 S.W.2d 165, 166–167 (Mo.App. 1983). He may not have sustained that burden. The trial court may have determined that defendants' version of the agreement was correct. It could have found that as there was no evidence that defendants drilled or constructed the well improperly, and that there was an adequate quantity of water, there was no breach of the agreement. The trial court also might have determined that even if plaintiff's version of the agreement was correct, that the well, at least within a reasonable time after it was drilled, complied with the agreement. That plaintiff had additional wells constructed certainly indicates that he was not satisfied with the water from the well, but that does not establish that defendants breached their agreement.

In any event, giving deference to the trial judge regarding the witnesses' credibility, we cannot say with a firm belief that the judgment was wrong.

The judgment is affirmed.

CROW, P.J., and PARRISH, J., concur.