**TOM DAVIS INSURANCE AGENCY, INC., Plaintiff–Respondent,**

v.

**Joe SHIVLEY, Defendant–Appellant.**

**No. 16757.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 30, 1990.

Robert M. Ramshur, Ramshur & Go-forth, P.C., Piedmont, for plaintiff-respondent.

Matthew D. Richardson, Friedewald, Chadwick & Richardson, Poplar Bluff, for defendant-appellant.

PREWITT, Judge.

Plaintiff sought judgment against defendant for certain "advance payments" made to him. Following nonjury trial, judgment was entered in favor of plaintiff. Defendant appeals.

Review is under Rule 73.01(c). As that rule has been interpreted, we are to affirm the judgment, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or erroneously applies the law. Setting aside a judgment because it is against the weight of the evidence is done with caution when there is a firm belief that the judgment is wrong. *Plunkett v. Parkin*, 788 S.W.2d 356, 357 (Mo.App.1990). Under Rule 73.01(c)(2), due regard is given to the trial court's ability to determine the credibility of witnesses. *Id.*

No findings of fact were requested, and as the trial court did not make any, all fact issues are determined in accordance with the court's judgment. Rule 73.01(a)(2); *Young v. Ray America, Inc.*, 673 S.W.2d 74, 78 (Mo.App.1984).

Plaintiff is a business corporation. It did business through offices in Piedmont and Poplar Bluff. Defendant sold insurance through plaintiff's Poplar Bluff office. The agreement between plaintiff and defendant was oral. Plaintiff advanced defendant $1,500 a month to maintain defendant's current standard of living and the parties contemplated defendant would pay these advances back through commission payments received from the sale of insurance. These advancements were to continue as long as necessary until such time as defendant could support himself on the commissions. Defendant received from plaintiff a "production guide" which apparently indicated complete repayment from commissions at the end of three years if defendant reached sufficient levels of sales. After defendant had been employed for thirteen months, certain insurance records were sold to a competing agency, the office closed, and all employees in Poplar Bluff terminated.

In his first point defendant contends that the trial court erred in entering judgment against him "because plaintiff failed to prove breach of any contract in that

there was no meeting of the minds regarding repayment or, in the alternative, plaintiff failed in its own prior obligations under the contract." Defendant asserts that as there was no express agreement regarding how the advances were to be repaid except from commissions, that there was no other obligation to repay them. Defendant is correct that there must be apparent mutual assent of the parties to the terms of an agreement. *Randall v. Harmon*, 761 S.W.2d 278, 280 (Mo.App.1988); *Johnston v. First National Bank and Trust Co.*, 624 S.W.2d 500, 504 (Mo.App.1981).

■ However, it is not necessary that there be an express agreement to repay a loan, as an agreement to repay may be implied from the circumstances. *Reifeiss v. Barnes*, 192 S.W.2d 427, 430 (Mo.App. 1946); *Swift & Co. v. Dollahan*, 2 Ill. App.2d 574, 120 N.E.2d 249, 256 (1954); *Nelson v. Pedersen*, 361 Mass. 392, 280 N.E.2d 431, 432 (1972); *58 C.J.S. Money Lent* § 2(b), p. 876 (1948).

■ It is not disputed that the "advances" were a loan to defendant. The dispute is whether defendant only had an obligation to repay them from commissions earned or was assured three years of employment in which to do so. That the parties anticipated that defendant would make enough in commissions to pay off the advances, does not mean he was not obligated to pay them if he did not. There was no express agreement that the defendant only had an obligation to pay from commissions and the trial court was entitled to find that none existed.

Nor was there any agreement defendant would be employed for three years. Defendant did not feel he was obligated to stay that long. He testified that he thought if he left plaintiff's employment before the advances were paid back, he would have to pay them. Point I has no merit.

■ Defendant's remaining point is that the trial court erred "because plaintiff is estopped from collecting the advances in that the evidence established the elements of estoppel." Estoppel is an affirmative defense with the burden of proof upon the one asserting it. *Southgate Bank and Trust Co. v. May*, 696 S.W.2d 515, 521 (Mo.App.1985).

■ "Equitable estoppel", upon which defendant relies, is to preclude one from denying his own expressed or implied admission that another person has in good faith accepted and acted upon. *Id.* at 520. Such estoppel requires three elements: (1) an admission, statement or act inconsistent with a claim later asserted; (2) action by the other party relying on that conduct; and (3) injury to the other party if the first party is allowed to contradict or repudiate its original statement or act. *Id.* at 520–521.

■ There was no evidence that anyone acting for plaintiff said that defendant would be employed for three years or would not have to pay the advances unless defendant's commissions equalled or exceeded them. That the parties may have expected this to occur does not mean that their agreement was so limited. The trial court was justified in not finding the first element of estoppel. Point II is denied.

The judgment is affirmed.

MAUS, P.J., and CROW, J., concur.