William A. **BYRD**, Plaintiff–Respondent,

v.

Ronald G. **LIESMAN**, Defendant–Appellant.

No. 17361.

Missouri Court of Appeals, Southern District, Division One.

Feb. 19, 1992.

Daniel T. Ramsdell, James E. Corbett, John O. Newman, Ramsdell & Corbett, Springfield, for plaintiff-respondent.

Ronald D. White, Rolla, Joseph W. Rigler, Salem, J. William Turley, Williams, Robinson, Turley, Crump & White, Rolla, for defendant-appellant.

PREWITT, Presiding Judge.

The question is whether there was a mutual mistake as to the extent of physical injury sufficient to nullify an oral settlement of a claim arising from an automobile collision.

Following non-jury trial the trial court denied defendant's motion to specifically enforce the settlement agreement. The judgment further found the issues on the petition in favor of plaintiff and awarded plaintiff damages of $60,000. Defendant appeals, contending the trial court erred in not enforcing the settlement agreement "because there was no mutual mistake of fact between the parties sufficient to justify non-enforcement".

Review is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990).

Due regard is given by an appellate court to the trial court's determination on the credibility of witnesses. Rule 73.01(c)(2). The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton*, 576 S.W.2d 584, 585 (Mo.App.1979).

A compromise settlement need not be in writing unless the subject matter is within the statute of frauds. *Highley v. Martin*, 784 S.W.2d 612, 616 (Mo.App. 1989). A settlement can be valid and enforceable although it contemplates a release being signed later. See *Landau v. St. Louis Public Service Co.*, 364 Mo. 1134, 273 S.W.2d 255 (banc 1954).

An agreement to settle may be enforced by a motion in a lawsuit presenting the claim at issue. *Randall v. Harmon*, 761 S.W.2d 278 (Mo.App.1988). The motion adds a collateral action seeking specific performance of the agreement. "The party requesting specific performance of a settlement agreement has the burden of proving, by clear, convincing and satisfactory evidence, his claim for relief." *Id.*

However, where a party's attorney purports to have authority to settle and reaches an agreement, it is incumbent on the client to prove the attorney lacked authority, since counsel's act of settling is presumed to be authorized. *McDowell v. Kearns*, 758 S.W.2d 481, 482 (Mo.App. 1988).

On July 13, 1984, plaintiff was involved in an automobile collision when a vehicle he was driving collided with a vehicle driven by defendant. As a result of the collision, plaintiff suffered injuries to his back and neck. Subsequently he retained an attorney to represent him.[1] The attorney sent

---

1. That attorney is not the attorney presently representing plaintiff or who represented him at trial.

plaintiff to Garth Russell, a medical physician, for medical treatment. In January 1985 Dr. Russell sent plaintiff's attorney a letter medical report diagnosing plaintiff as suffering from moderately severe cervical dorsal strain and a moderate lumbar strain. Russell said that a definite prognosis could not be made for ten to twelve months following the collision.

After receiving a medical report from Dr. Russell, plaintiff's previous attorney negotiated toward a settlement with an adjuster for Shelter Mutual Insurance Company, the automobile liability insurance carrier for defendant. On July 30, 1985, the attorney contacted the adjuster and agreed to a settlement for $1,000. On August 1, 1985, the adjuster forwarded to the attorney a release and a draft in the amount of $1,000. Plaintiff refused to sign the release or accept the draft. On August 20, 1985, the attorney notified the adjuster that plaintiff would not agree to the settlement.

On August 2, 1985, plaintiff saw Robert W. Tatkow, a medical physician in St. Louis in regard to his continuing hip pain. Dr. Tatkow found he had a herniated disc as a result of the collision. After two surgeries for the repair of the disc, Tatkow determined that plaintiff suffered 50% permanent partial disability to his body as a whole.

■ At the time plaintiff's attorney and the adjuster agreed on the settlement plaintiff, his attorney and the adjuster believed plaintiff's injuries were relatively minor, and would not result in permanent disability. At trial the adjuster stated that the injury plaintiff had, and "clear liability", would make a claim worth "roughly $30,-000".

In refusing to enforce the claimed settlement, the trial court found:

William Byrd did expressly authorize his attorney to compromise his lawsuit but, under the circumstances, plaintiff's knowledge of soreness, aches and pains in his back and left hip were not the equivalent of knowledge of a severe injury. Neither plaintiff's attorney nor defendant's Agent knew that plaintiff had

sustained a substantial injury to his back as the evidence tended to show and that a mutual mistake of fact occurred.

■ Generally it is said that "mutual mistake is one common to both or all parties, where each labors under the same misconception respecting a material fact, the term of the agreement, or the provisions of the written instrument designed to embody such argument." *Smith v. Githens*, 271 S.W.2d 374, 379 (Mo.App.1954). For there to be a sufficient mistake of facts to avoid a contract the mistake must relate to a fact which contravenes or goes to the very essence of the contract, is material to one of the things contracted for, or relates to the subject matter of the contract. *Id.*

In *Goodman v. Missouri Pacific RR Co.*, 312 S.W.2d 42, 47 (Mo.1958), mutual mistake on a settlement was claimed. There, the court stated:

We think the evidence hereinbefore reviewed was sufficient to support the submission of the issue of mutual mistake of fact. Under the circumstances shown, plaintiff's knowledge of some soreness and some aches and pains in his back was not the equivalent of knowledge of an injured disc or of a severe and permanent injury. Neither of the parties to the release knew that plaintiff had sustained an injury to an intervertebral disc between the 8th and 9th dorsal vertebrae as plaintiff's evidence tended to show. The court did not err in submitting the issue of mutual mistake of fact to the jury.

Other jurisdictions have held similar to *Goodman*. See *Reason v. Lewis*, 260 A.2d 708, 709 (Del.1969); *Clancy v. Pacenti*, 15 Ill.App.2d 171, 145 N.E.2d 802, 805 (1957).

The facts and discussion in *Goodman* would be persuasive here were it not for *Sanger v. Yellow Cab Co.*, 486 S.W.2d 477 (Mo.1972). *Sanger* pointed out that *Goodman* was a case under the Federal Employers' Liability Act, and, as such, the question of the validity of the release was a federal question and not controlling on state law. *Sanger* applied state law, and

of course the present case, turns on state law. As we interpret *Sanger*, it holds that *Goodman* does not reflect Missouri law.

*Sanger* discusses various cases that upheld releases where claims of mutual mistake were made. Were this district free to decide the question absent *Sanger*, and the cases it relies upon and appears to approve, the result here might be different. However, decisions of the Missouri Supreme Court are "controlling" in this court. Mo. Const. art. V, § 2.

As plaintiff urges, *Sanger* can be distinguished because there was a signed release for known and unknown injuries and there was no such agreement expressly shown here nor was there a signed release. Nevertheless, it appears obvious that plaintiff's attorney and the adjuster agreed and contemplated that plaintiff's claim for known and unknown injuries was to be foreclosed and a release to that effect signed. There was never any objection to specific language in the release submitted, which covered "injuries, known and unknown," and at trial and here plaintiff's basis for seeking to avoid the settlement was "mutual mistake". The trial court's finding that plaintiff's previous attorney was authorized to settle for $1,000 is supported by the evidence and is not challenged here.

As earlier noted under *Landau v. St. Louis Public Service Co.*, 364 Mo. 1134, 273 S.W.2d 255 (banc 1954), settlement of a personal injury case can be enforced by specific performance where an oral settlement was made but a release not signed. *Landau* enforced such an agreement even though the release presented sought to foreclose claims not contemplated in the settlement. It held that the signing of a proper release could be required.

*Sanger* also notes that there was no reliance by the defendant there on the assurance of a medical doctor that there were no injuries of consequence. Here, there was an initial diagnosis indicating no serious injury but the doctor cautioned that a definite prognosis could not be made for ten to twelve months after the collision. That doctor did not reexamine plaintiff after the

ten months had expired. However, *Sanger* concludes, 486 S.W.2d at 481–482:

> "What defendant was interested in was a release of liability from plaintiff and it cannot be said that defendant would not have entered into the release had its representative actually known of plaintiff's injuries.

> \*     \*     \*     \*     \*     \*

> The injured party is not required to make a settlement, and the general rule of freedom of contract includes the freedom to make a bad bargain."

Under *Sanger* there was no mutual mistake here to nullify the agreement. Its rationale bars plaintiff's claim. Based on its analysis there was, at most a unilateral mistake on plaintiff's part.

The judgment is reversed and the cause remanded for the trial court to set aside its previous judgment and enter judgment specifically enforcing the settlement agreement and denying plaintiff other recovery.

CROW and PARRISH, JJ., concur.