Judith GARRISON, Trustee,

v.

Arthur J. NICHOLS and Nina M. Nichols, Defendants– Appellants,

v.

Farris B. SCOTT and Maxine Scott, Walter W. Scott and Genevieve Scott, Marie A. Newman and Lenora Plumlee, Third– Party Defendants–Respondents.

No. 19995.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 26, 1995.

Michael L. Lyons, Branson, for appellants.

Richard L. Anderson, Kimberling City, for Respondent Judith Garrison.

Robert S. Wiley, Crane, for Respondents Farris B. Scott, et al.

PREWITT, Presiding Judge.

This action commenced as a dispute over the boundary line separating Plaintiff's property from that of Defendants'–Appellants'. Appellants then brought in and sought relief from Third–Party Defendants. Thereafter, the parties agreed upon a settlement of the dispute.

Appellants refused to carry through with the agreement, contending that it had not been completed in accordance with the ninety days as agreed. Pursuant to motion of Third–Party Defendants Scott, Newman, and Plumlee, following non-jury hearing, the trial court entered an order requiring Appellants to comply with the agreement. Judgment was entered under Rule 74.01(b), the trial court finding "no just reason for delay."

On appeal, Appellants have one point relied on. By it they claim the trial court "erroneously enforced the settlement agreement because the material terms of the verbal agreement had not been complied with within the specified time period agreed on by the parties."

Review is under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Byrd v. Liesman,* 825 S.W.2d 38, 39 (Mo.App.1992). Due regard is given by an appellate court to the trial court's determination on the credibility of witnesses. Rule 73.01(c)(2). *Id.* The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record. *Id.*

An agreement to settle a pending lawsuit may be enforced by motion. Such a motion adds to the pending action a collateral matter seeking specific performance of the agreement to settle. *Randall v. Harmon,* 761 S.W.2d 278 (Mo.App.1988). The party requesting specific performance has the burden of proving by clear, convincing and satisfactory evidence the claim for specific performance. *Id.*

There is no dispute that there was an agreement to settle the lawsuit. The dispute is whether one of its terms was that it be carried out within ninety days and whether that time had expired. Thus the burden of showing that the agreement had become invalid is upon Appellants, the parties asserting the invalidity. *Greenstreet v. Rupert,* 795 S.W.2d 539, 541 (Mo.App.1990); *Landmark Bank v. First National Bank in Madison,* 738 S.W.2d 922, 923 (Mo.App.1987).

The trial court made no finding regarding whether there was a ninety-day time limit to effectuate the settlement. Based upon our limited review, we must conclude that the trial judge found there was no such time

limit. "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule 73.01(a)(3).

Appellants presented evidence that there was a ninety-day limitation. One of the participants in the conference when the settlement was agreed to testified that "I do not have a recollection of a 90-day requirement at all myself, or anything about 90 days being mentioned." Deferring to the trial court on the credibility of witnesses, there was substantial evidence to support the trial court's order and no error of law.

The judgment is affirmed.

SHRUM, C.J., and PARRISH, J., concur.