**Susan H. WAREHAM, Appellant,**

v.

**AMERICAN FAMILY LIFE INSURANCE COMPANY, Respondent.**

No. WD 51852.

Missouri Court of Appeals, Western District.

May 21, 1996.

Christopher Williams, Kansas City, for appellant.

Robert Russell, Sedalia, for respondent.

Before HANNA, P.J., and SMART and ELLIS, JJ.

HANNA, Presiding Judge.

Susan H. Wareham appeals from an order of the circuit court granting summary judgment in favor of American Family Life Insurance Company and denying her motion for summary judgment and motion to strike.

On July 18, 1994, Ralph I. Wareham, the decedent, applied for a life insurance policy with American Family, naming the appellant as the beneficiary. On his application, the decedent disclosed that he had been cited in 1990 and 1993, for driving under the influence of alcohol. With his application, the decedent tendered to American Family a payment equivalent to two months of premiums at the standard rate. The application submitted by the decedent provided:

[e]xcept as may be provided in the Conditional Receipt, no insurance takes effect unless the Policy We issue is accepted by the Applicant and the first full premium is paid. Such acceptance and payment must occur while the health and insurability of the Proposed Primary Insured and the Payor named in Question 22 ... are the same as stated on the date of this Application.

On July 19, 1994, American Family issued the decedent a Conditional Receipt for life insurance. The Conditional Receipt contained the following condition precedent: "As of the effective date below, the Proposed Insured(s) must qualify under the Company's rules and practices for the coverage(s) applied for at the company's standard rates." The Conditional Receipt further provided that:

*THIS RECEIPT PROVIDES NO INSURANCE IF THE CONDITIONS ARE NOT MET.* If one or more of the conditions in this Receipt is not met exactly for all Proposed Insured(s), this Receipt provides NO insurance and the Company's only liability is to return the Payment submitted to the Applicant.

According to the terms and provisions of the life insurance policy for which the decedent applied, the insurance coverage commenced upon the delivery of the policy to the insured, or as provided by the Conditional Receipt. On July 28, 1994, the decedent committed suicide. At no time prior to the decedent's death did American Family issue or deliver any life insurance policy to the decedent or any of his agents or representatives.

Due to the decedent's negative driving history, he did not qualify for coverage at American Family's standard rates. In fact, the decedent's premiums would have been more than three times American Family's standard rate. Following the decedent's death, American Family remitted the premiums paid by the decedent.

Mrs. Wareham brought suit to recover the proceeds of the life insurance policy. Both parties moved for summary judgment. Appellant alleged that American Family was

estopped from claiming failure of a condition precedent, or alternatively had waived the same. The trial court denied appellant's motion on the grounds that she failed to plead estoppel in her petition and, further, failed to submit any facts, either by affidavit or deposition, to support her allegations.

In its motion for summary judgment, American Family claimed that, pursuant to the terms of the application and Conditional Receipt, no contract for insurance existed because: (1) the decedent was not insurable at American Family's standard rates, and (2) no policy was ever issued. The trial court sustained American Family's motion on these grounds. Appellant raises three points on appeal.

■ Appellate review of the propriety of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is viewed in the light most favorable to the party against whom summary judgment was entered, and that party is afforded all reasonable inferences that may be drawn from the evidence. *Id.* Summary judgment will be affirmed on appeal if the reviewing court determines that no genuine issues of material fact exist and the movant has a right to judgment as a matter of law. *General Motors Corp. v. Kansas City*, 895 S.W.2d 59, 61 (Mo.App. 1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 277, 133 L.Ed.2d 197 (1995).

In her first and second points, appellant argues that the trial court erred in granting American Family's motion for summary judgment and denying her motion for summary judgment because the doctrines of estoppel and/or waiver barred American Family from denying the decedent coverage. In making her argument, the appellant points to two facts: (1) the decedent disclosed his driving record on his initial application, and (2) an agent of American Family indicated that the decedent was an "excellent risk" on his application. Appellant argues that, despite American Family's knowledge of the decedent's driving record, it accepted the decedent's premium payment and issued him a

Conditional Receipt of insurance. Thus, she contends, American Family waived and/or is estopped from denying coverage.

■ As both the trial court and American Family noted, the appellant failed to affirmatively plead her theory of estoppel, or to allege facts supporting such an allegation in her petition. Nor did she attempt to amend her petition to reflect her estoppel argument. It is well-established Missouri law that a party relying on the doctrines of waiver and/or estoppel as support for a cause of action must plead such doctrines. *Phipps v. Shelter Mut. Ins. Co.*, 715 S.W.2d 930, 934 (Mo.App.1986).

■ However, even if the defenses were properly raised, no contract for insurance was in existence when the decedent died. A contract cannot be created by estoppel and/or waiver where none exists. *State Farm Mut. Automobile Ins. Co. v. Hartford Accident & Indem. Co.*, 646 S.W.2d 379, 381 (Mo.App.1983).

■ American Family argues that no contract for insurance existed under either the application or the Conditional Receipt. An application for insurance is but an offer, and does not become a completed contract until it is accepted by the insurer, and all conditions precedent are met. *Kopff v. Economy Radiator Serv.*, 838 S.W.2d 449, 453 (Mo.App.1992); *Soutiea v. American Nat'l Ins. Co.*, 595 S.W.2d 467, 470 (Mo.App. 1980). Coverage under the Conditional Receipt was contingent upon the decedent qualifying for coverage at its standard rates.[1] The decedent's negative driving record precluded him from qualifying for coverage at American Family's standard rates and, as such, he failed to meet "exactly" all of the conditions precedent in the Conditional Receipt. For this reason, American Family rejected his application and denied him coverage.

Appellant does not dispute the fact that the decedent failed to fulfill all conditions precedent, as required by the Conditional Receipt. Nor does she dispute the fact that

---

1. Appellant concedes that, at no time subsequent to the decedent's submission of his application,

did he qualify for coverage at American Family's standard rates.

American Family did not issue a policy to the decedent or otherwise accept the decedent's offer. No contract existed because the decedent failed to comply with all conditions precedent to the contract's formation and American Family rejected the decedent's offer. *Soutiea*, 595 S.W.2d at 470.

*Porter v. Farm Bureau Life Insurance Company*, 322 S.W.2d 927 (Mo.App.1959), is analogous to the case at bar. In *Porter*, an applicant was given a Conditional Receipt, which was effective if the applicant was insurable at the company's standard rates. The applicant, who was found not to be a "standard" risk due to his occupation, died before issuance and delivery of the policy. The intended beneficiary filed suit based upon the Conditional Receipt.

Porter argued that the insurer's acceptance of the decedent's initial premium, made in connection with his application, was evidence that a contract for insurance existed. The appellant here makes this same argument. The insured is bound in law to understand that, simply because he paid a sum of money in connection with the initial premium for proposed insurance, he does not actually have any insurance. *Id.* at 929. The appellant in this case, like Porter, failed to offer evidence showing that American Family approved the decedent's application for life insurance. "[A] contract cannot be made out by estoppel, if none is shown to exist." *Id.*

■ Appellant asserts that the doctrines of waiver and estoppel can overcome an insurance company's defense to an action upon an insurance policy. She relies on the following Missouri cases to support her proposition: *Wright v. Newman*, 598 F.Supp. 1178 (W.D.Mo.1984); *Guenther v. Metropolitan Life Ins. Co.*, 189 S.W.2d 126 (Mo.App.1945); *Wilson v. Kansas City Life Ins. Co.*, 233 Mo.App. 1006, 128 S.W.2d 319 (1939); and *Macan v. Missouri Mut. Ass'n*, 60 S.W.2d 402, 407 (Mo.App.1933). Appellant's reliance on these authorities is misplaced in that all of the cases cited involved existing contracts for insurance. In appellant's situation, no contract for insurance existed. While waiver and estoppel may be applied to the provisions of existing insurance contracts, these doctrines cannot be used to create a contract for

insurance where none exists. *State Farm Mut. Automobile Ins. Co.*, 646 S.W.2d at 381.

■ In further support of her estoppel theory, appellant points to the notation, "this is an excellent risk," made on the decedent's application by Randy Russell, the American Family agent who received the application. Appellant relies on *Bynote v. National Super Markets, Inc.*, 891 S.W.2d 117 (Mo. banc 1995), for her claim that Mr. Russell's opinion is imputed to American Family, thereby estopping it from now contradicting the statement. Even if Mr. Russell's opinion was sufficient to raise an issue of estoppel, he did not communicate his opinion to either the decedent or appellant and neither reasonably relied on this statement to their detriment. *See Tom Davis Ins. Agency, Inc. v. Shivley*, 799 S.W.2d 195, 197 (Mo.App.1990). In the context of this case, *Bynote* does not support appellant's claim that American Family is estopped from denying the decedent coverage. Points denied.

In her third point, appellant argues that the court erred in denying her motion to strike American Family's affirmative defenses. According to appellant, American Family should not be allowed to assert the defense of failure of a condition precedent because its answers to plaintiff's interrogatories were evasive and incomplete.

■ The trial court has broad discretion in administering discovery rules. *Connelly v. Schafer*, 837 S.W.2d 344, 350 (Mo.App.1992). Only when the trial court's ruling "is clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration," will it be reversed. *Id.*

Appellant sets forth two instances to support her argument that American Family answered discovery evasively or incompletely. We have reviewed the record and find that the interrogatory answers cited by appellant were neither evasive nor incomplete. Therefore, the trial court properly denied appellant's motion to strike American Family's affirmative defenses.

■ Furthermore, we note that at no time did appellant file a motion seeking any

relief other than an order striking American Family's affirmative defenses, a request that was made a part of her motion for summary judgment. Generally, a court will impose sanctions comparable to the ones sought here only when an uncooperative party has violated a court order compelling it to respond to discovery. *See, e.g., Simpkins v. Ryder Freight Sys., Inc.,* 855 S.W.2d 416, 418 (Mo. App.1993). Here, American Family was not in violation of any court order. Appellant never filed a motion to compel discovery and there was no court order concerning American Family's answers to interrogatories. Even if the answers were incomplete or evasive, some lesser sanction than striking the affirmative defenses was available to accomplish the discovery requested. *See Houchins v. Houchins,* 727 S.W.2d 181, 184 (Mo.App. 1987). The trial court's denial of appellant's request to strike was not an abuse of its broad discretion in administrating discovery rules.

Judgment affirmed.

SMART and ELLIS, JJ., concur.