Lorraine BLACK, Appellant,

v.

SAM'S CLUB, Appellee.

No. 07–1401.

United States Court of Appeals, Eighth Circuit.

Submitted: Feb. 7, 2008.

Filed: Feb. 29, 2008.

---

1. The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Lorraine Black, Kansas City, MO, pro se.

Denise M. Anderson, Polsinelli & Shalton, Kansas City, MO, for Appellee.

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

PER CURIAM.

Lorraine Black appeals from the district court's[1] order enforcing a settlement agreement in her employment-discrimination action. For reversal, she argues that she never signed an agreement, and that during the mediation the mediator misled and intimidated her, and counsel for Sam's Club took advantage of her mental condition and pro se status.

Upon review of the record, we conclude that the district court did not clearly err in finding that Black had entered into a settlement agreement. *See Chaganti & Associates, P.C. v. Nowotny,* 470 F.3d 1215, 1221 (8th Cir.2006) (standard of review), *cert. denied,* —— U.S. ——, 127 S.Ct. 2977, 168 L.Ed.2d 704 (2007). The record shows that during mediation, Black agreed without equivocation to settle the case and similarly agreed to the terms of settlement. *See Visiting Nurse Ass'n, St. Louis v. VNAHealthcare, Inc.,* 347 F.3d 1052, 1054–55 (8th Cir.2003) (if parties' manifestations produce reasonably ascertainable objective meaning, enforceable agreement exists; fact that party later decides contract is not to its liking does not provide reason to suppose contract was not in fact formed). Nothing in the record supports Black's claims of misconduct by the other participants. *See Tiburzi v. Dep't of Justice,* 269 F.3d 1346, 1355 (Fed.Cir.2001)

(bare allegation by party that he was coerced into signing settlement agreement is insufficient to set aside settlement agreement; party must make showing of wrongful conduct).

Further, under Missouri contract law—which applies in this case—settlement agreements need not be in writing, and courts may enforce an oral settlement agreement that contemplates a release being signed later. *See Byrd v. Liesman,* 825 S.W.2d 38, 39 (Mo.Ct.App.1992); *cf. Chaganti,* 470 F.3d at 1221 (unless subject matter is governed by statute of frauds, court may enforce oral settlement agreement that contemplates execution of documents at later time; basic principles of contract law govern existence and enforcement of alleged settlement).

Accordingly, we affirm.

---

1. The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.