**Clarence NELSON, Plaintiff–Appellant,**

v.

**William BAKER and Bernice Baker, his wife, Defendants–Respondents.**

No. 55612.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 29, 1989.

Donald Kenneth Anderson, Jr., Timothy A. McGuire, St. Louis, for plaintiff-appellant.

Nathan S. Cohen, St. Louis, for defendants-respondents.

James Brian Ashwell, Love, Lacks & Paule, Clayton, Mo., for Marvin King and John Hall.

CRANDALL, Judge.

Plaintiff, Clarence Nelson, appeals from a judgment in favor of defendants, William and Bernice Baker, in this court-tried case for breach of contract. Plaintiff contends the trial court erred in finding in favor of defendants because a contract for the sale of plaintiff's home existed between the parties. We affirm.

In 1985 plaintiff, having recently moved from Missouri to Florida, listed his St. Louis home for sale with third-party defendant, John L. Hall, Century 21 (Century 21). In April 1985, defendants made an offer, in writing, to purchase plaintiff's home. Plaintiff, upon reviewing defendants' offer, informed defendants through Century 21, that he was not satisfied with the down payment provision. Century 21 and defendants then formulated an addendum to defendants' original offer which incorporated a different down payment provision. The contents of these two documents were communicated to plaintiff and signed by defendants.

During trial plaintiff testified that it was his understanding that the two documents together constituted an offer, in its entirety, for the purchase of his home. As he had vested neither Century 21, nor his attorney, with the power to legally bind him to a sales agreement, plaintiff sent a Western Union mail-gram from Florida which was to constitute his acceptance. In his mail-gram plaintiff included financing terms which varied from those found in the documents executed by defendants and further introduced additional terms relating to the acceptance of the premises, fixtures, and appliances covered by the agreement "as is."

Subsequent to the receipt of plaintiff's mail-gram, defendants orally communicated, and later confirmed in writing, their decision to withdraw from the transaction, citing their dissatisfaction with the house's heating system.

On appeal, plaintiff argues he accepted defendants' original offer, contingent upon the revision of the down payment provision, thereby making a counter-offer. Plaintiff further maintains that defendants accepted his counter-offer by signing the original offer and attached addendum, thereby forming a contract. Pursuant to plaintiff's theory the language contained in his subsequent mail-gram constituted mere surplusage and was of no legal consequence. Plaintiff contends defendants then breached this contract by withdrawing from the transaction.

This court's review of court-tried cases is governed by Rule 73.01 as interpreted by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). In the absence of findings of fact or conclusions of law, we assume that the trial court resolved all issues of fact in accordance with the result reached. Rule 73.01. Further, we review the evidence in the light most favorable to the prevailing party. *Linda F. Morrison v. Jack Simpson Contractor, Inc.*, 748 S.W.2d 716, 718 (Mo.App.1988).

In order to form a contract, an offer must be accepted as tendered. If the purported acceptance of an offer introduces additional or variant terms, it constitutes a counter-offer, which operates as a rejection of the original offer. Thus, no contract is formed. *Koch–Laumand Contracting, Inc. v. May Department Stores Company*, 623 S.W.2d 52, 55 (Mo.App. 1981).

Plaintiff testified that he understood the amended offer signed by defendants to constitute an offer, in its entirety, for the purchase of his home. Plaintiff further testified that he intended his mail-gram, which contained additional and variant terms, as an acceptance of defendant's amended offer.

Considering the evidence in the light most favorable to defendants, such acceptance had the legal effect of a counter-offer which defendants were free to reject. We therefore find substantial evidence to sup-

port the judgment of the trial court. No error of law appears. Plaintiff's point is denied.

The judgment of the trial court is affirmed.

PUDLOWSKI, P.J., and GARY M. GAERTNER, J., concur.