Dennis A. **BROOKS**, Appellant,

v.

Shirley S. **BROOKS**, Respondent.

No. 18419.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 27, 1993.

John A. Parks, Hermitage, for appellant.

Gary W. Lynch, Douglas, Lynch, Munton & Haun, P.C., Bolivar, for respondent.

PARRISH, Chief Judge.

Dennis Brooks appeals from a judgment of the Circuit Court of Polk County, Missouri, in which the trial court found for Shirley Brooks on a cross-claim for conversion and awarded damages in the amount of $5,000. This court affirms.

The cause of action that produced this appeal was before the trial court as a cross-claim in a replevin action brought by General Motors Acceptance Corporation (GMAC). The replevin suit was dismissed prior to trial. GMAC is not a party to the appeal.

Shirley alleged that Dennis converted certain personal property that had been awarded to her by the terms of a decree of dissolution of their marriage dated November 30, 1990. Marital property awarded to Shirley included a 1959 Chevrolet Corvette automobile. Shirley contended that Dennis had not delivered the complete automobile to her; that he failed to deliver a carburetion system for the car, its original wheels, tires, hubcaps and a detachable hardtop.

Shirley and Dennis purchased the Corvette in 1989 from Steve Chappell. Mr. Chappell described the vehicle as "a vintage automobile." When he sold the vehicle to Shirley and Dennis, he included two carburetion systems. He explained:

> The car originally had a dual carburetion system on the engine. That carburetion system wasn't on the engine at the time I sold the car, primarily because driving the car on the street, whatever, it—gas consumption, difficulty in keeping the carburetion system tuned and so on and so forth. So there was a single four-barrel manifold on the car, however the dual intake and the two quad-fours and the air cleaner system that went with that was also sold with the car.

Mr. Chappell was asked what need there was for the other carburetion equipment. He answered:

> Oh. Should a person ever want to show this car you would want to put back the correct equipment that came on the car, increases the value of the car.

He was also asked the following questions and gave the following answers about the tires and wheels and the detachable hardtop.

> Q. Now, at the time that you sold this vehicle to them, did it include a hard top [sic]?
>
> A. Yes, it did.
>
> Q. Okay. Was it the kind of hard top [sic] that fit somewhere in the car when it was off or was it separate?
>
> A. No. It was a detachable hard top [sic]. It was either on the car or it was off the car.
>
> .    .    .    .    .
>
> Q. And what—What were the other wheels and tires?
>
> A. Well, the other wheels and tires were the—again, the correct wheels and tires that came with the car at the time it was manufactured. It was—And hubcaps that go with those.

Following the divorce, when the Corvette was picked up from Dennis, the original carburetion system, the other wheels, tires, hubcaps and detachable hardtop were not with the car. Shirley never received the items

from Dennis. The trial court found that they had a fair market value of $5,000.

Dennis presents one point on appeal. He contends the trial court erred in awarding Shirley judgment in the conversion action "because the evidence was insufficient to establish that [Shirley] was the owner and entitled to immediate possession of the property." He further, as part of his point on appeal, contends that "the evidence was insufficient to establish that any act by [Dennis], alleged to be conversion of the property, occurred at the time when [Shirley] had a right to immediate possession of the property."

This was a court-tried case. As such, appellate review is governed by Rule 73.01 as construed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be sustained "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.*

Dennis bases his arguments in support of his point on appeal on two issues. He contends that the decree of dissolution of marriage upon which Shirley bases her claim to the equipment and parts for the Corvette made no mention of items that were not attached to the Corvette. He argues that since the dissolution decree did not itemize the items that were not attached to the Corvette as property awarded to Shirley, she failed to show that she had a right to that property.

Secondly, Dennis contends that any right to possession Shirley might have is dependent on the marital property distribution ordered by the dissolution court and there was no evidence "to show conversion by [Dennis] at the time [Shirley's] right to possession existed." He argues there was no showing that he "in any way dealt with the auto parts after November 30, 1990"—the date of the dissolution of his and Shirley's marriage. He contends "[a]fter that date [he was] not shown to have in any way wrongfully exerted dominion over them."

█ The parts and equipment were part of the purchase of the 1959 Corvette automobile. One price was paid for the vehicle and the items ancillary to it. Part of the funds used to purchase the Corvette was obtained from a loan that the parties secured for that purpose. At the time of the dissolution of their marriage, that loan had not been repaid. The dissolution court ordered Shirley to pay the indebtedness. The trial court's determination that the equipment and parts for the Corvette were included in the marital property that had been awarded to Shirley was supported by substantial evidence. That determination was not against the weight of the evidence.

█ The complaint that there was not sufficient evidence to support a determination that the property had not been transferred prior to the date of the dissolution of the marriage of the parties also fails. The attorney who represented Shirley in the dissolution case, Mr. Stoner, testified. Mr. Stoner testified that during the hearing in the dissolution case, he asked Dennis where the car was being kept. Dennis responded that the car was in storage. Mr. Stoner asked Dennis about the condition of the Corvette. Mr. Stoner testified that Dennis "did a kind of a facial gesture, and said, 'Perfect.'" Dennis was asked if any parts were missing or if anything was wrong with the Corvette. He answered, "No, sir."

Dennis was asked about answers to interrogatories that he had given in his dissolution of marriage case. Dennis acknowledged that on September 13, 1989, he answered the interrogatory, "Have you sold or given away any marital property since your separation from your spouse?" His answer to the interrogatory was, "No."

This court's review of the evidence is undertaken "in the light most favorable to the prevailing party." *Nelson v. Baker*, 776 S.W.2d 52, 53 (Mo.App.1989). As such, there was substantial evidence for the trial court to have determined that the property in question was under Dennis' control at the time the decree of dissolution of marriage was entered. Concluding that the trial court resolved all issues of fact in accordance with the result reached, Rule 73.01(a), this court determines that the finding was not against the weight of the evidence. As such, Shirley

demonstrated that she acquired ownership of the parts and equipment in question. She was entitled to immediate possession and thereby entitled to maintain an action for conversion by reason of Dennis' withholding of the property. *Brede Decorating, Inc. v. Jefferson Bank & Trust Co.*, 345 S.W.2d 156, 164 (Mo.1961). The judgment of the trial court is affirmed.

SHRUM and MONTGOMERY, JJ., concur.