**Cora L. PAYNE and Johnie Payne, Plaintiffs–Respondents,**

v.

**E & B CARPET CLEANING, INC. and Don D. Chappell, Defendants– Appellants.**

Nos. 66040, 66962.

Missouri Court of Appeals, Eastern District, Division Two.

March 7, 1995.

Rehearing Denied April 12, 1995.

Lewis C. Green, Bruce A. Morrison, Kathleen Green Henry, Green, Hennings & Henry, St. Louis, for appellants.

George Fitzsimmons, Gray & Ritter, P.C., St. Louis, for respondents.

KAROHL, Judge.

E & B Carpet Cleaning, Inc. appeals after the trial court granted Cora Payne's motion to enforce and compel a settlement of $18,500. Johnie Payne, Cora's husband, voluntarily dismissed his claim with prejudice. We reverse and remand.

On March 29, 1990, Cora Payne was involved in an automobile collision with Don Chappell, an employee of E & B. American Family Insurance Group insured E & B. An American Family claims adjuster offered Payne $18,500 to settle her claim against E & B. The claims adjuster extended this offer in eight letters to Payne's attorney, Dallas Cox. The claims adjuster's last written offer was made November 16, 1992. On November 25, 1992, Cora Payne and her

husband, Johnie Payne, filed a two-count petition against Chappell and E & B.

On September 16, 1993, Cox sent a letter to Crystal Smith, attorney for American Family, stating he had authority to settle Payne's case for $50,000. In support of the motion to compel settlement, Cox testified he spoke to Crystal Smith, defendant's counsel on December 23, 1993, and orally accepted the $18,500 offer. On December 27, 1993, he faxed a letter to Smith confirming acceptance of the offer. On January 13, 1994, Smith telephoned Cox and told him the $18,500 offer made on November 16, 1992, was not open for acceptance on December 23, 1993. On March 9, 1994, the trial court granted Payne's motion to compel settlement.

E & B argues the trial court erred in granting Payne's motion to compel settlement because 1) Payne's filing of her lawsuit terminated the adjuster's settlement offer, 2) a subsequent demand of $100,000 would have terminated the offer as a counter-offer if it had been outstanding, and 3) a subsequent demand of $50,000 would have terminated the offer as a counter-offer if it had been outstanding.

■ A settlement is a species of contract and is governed by contract law. *Custom Builders Corporation v. Chesebro*, 825 S.W.2d 15, 17 (Mo.App.1992). The party requesting specific performance of a settlement agreement has the burden of proving, by clear, convincing and satisfactory evidence, his claim for relief. *Randall v. Harmon*, 761 S.W.2d 278 (Mo.App.1988).

■ E & B's last settlement offer was tendered by an adjuster, in writing, on November 16, 1992. Payne filed suit against E & B on November 25, 1992. The filing of a lawsuit is a rejection of a settlement offer. *Schultz v. Home Mut. Ins.*, 234 Mo.App. 1127, 139 S.W.2d 556, 559 (1940). Thus, on November 26, 1992, Payne rejected the November 16, 1992, settlement offer by placing the dispute in suit. Defendants never made a settlement offer after suit was filed. There was no outstanding offer on December 23 or 27, 1993.

■ In addition, Payne made a counter-offer before she attempted to accept the $18,500 settlement offer. On September 16, 1993, Cox wrote Smith, stating he had authority to settle Payne's case for $50,000. In order to form a contract, an offer must be accepted as tendered. *Nelson v. Baker*, 776 S.W.2d 52, 53 (Mo.App.1989). A counter-offer operates as a rejection of the original offer. *Id.*

■ Payne argues defendant's counsel "expressly renewed" the $18,500 offer in telephone conversations with Cox after September 22, 1993, and before December 23, 1993. The testimony of Cox does not support this position. Moreover, that position differs from the alleged facts in the motion to enforce settlement. It was not the basis of the order. Payne's motion to enforce and compel settlement alleges she accepted a *written* offer. The claims adjuster's eight letters, including the final offer on November 16, 1992, were attached and incorporated into the motion. Cox's letter of December 27, 1993, allegedly accepting the November 16, 1992, offer, was also attached and incorporated into the motion. Payne's memorandum in support of her motion offered to the trial court argues E & B's offer was "repeatedly made and communicated to Plaintiffs at least eight (8) times in writing...." She also refers to her December 23, 1993, acceptance of the "longstanding offer of $18,500," which could only be a reference to the written offers made on and before November 16, 1992. At the motion hearing, Payne did not argue defendant's counsel, or anyone else made her an oral offer. Our review is limited to those issues put before the trial court. *Ibarra v. Missouri Poster & Sign Co., Inc.*, 838 S.W.2d 35, 40 (Mo.App.W.D.1992). Payne's argument advanced on appeal was never presented to or passed on by the trial court and cannot be considered for the first time on appeal.

The judgment is reversed and remanded.

SMITH, P.J., and WHITE, J., concur.