**E.J. VITELLO PLUMBING, INC.,**
**Plaintiff/Respondent,**

v.

**WAYNE M. ROBERTS, INC., d/b/a**
**Robinson Steel Constructors Co.,**
**Inc., Defendant/Appellant.**

**No. 71459.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 21, 1997.

---

Kappel, Neill and Wolff, L.L.C., Richard Wolff, Robert J. Linhares, St. Louis, for Defendant/Appellant.

LeRoy Couther, Jr., St. Louis, for Plaintiff/Respondent.

PUDLOWSKI, Judge.

Wayne M. Roberts, Inc. (Roberts) appeals the Court's judgment in favor of E.J. Vitello Plumbing, Inc. (Vitello) for damages based on a construction contract. Roberts claims the trial court erred by overruling its motions to dismiss and new trial asserting that Vitello's claim for damages under the contract should have been barred by the applicable statute of limitations. Additionally, Roberts claims the trial court erred in overruling its motion to dismiss at the close of the plaintiff's evidence because the contract in issue violated the statute of frauds and the court improperly found for Vitello under a quantum meruit theory. We reverse.

On September 13, 1990, Roberts, a construction general contractor, entered into a contract with the State of Missouri for several projects in the St. Louis area. Vitello, a plumbing subcontractor, presented Roberts with a proposal on two jobs that were part of the Missouri contract (the "De Soto project,"

and the "Jefferson Barracks project"). Vitello, the low bidder, proposed to do both jobs for $23,816.00. On November 12, 1990, Roberts mailed Vitello two unsigned copies of a written contract containing terms conforming to the proposal. An accompanying letter instructed Vitello to sign and return the contracts. Vitello's co-president and office manager, Elizabeth Vitello, struck some provisions of the contract and substituted different terms, signed both copies, and mailed both copies back to Roberts. Roberts never signed the contract with the changes made by Elizabeth Vitello.

Although the record is unclear as to the date, Vitello began work on the Jefferson Barracks project. Vitello finished work on the Jefferson Barracks site on December 14, 1990. On December 31, 1990, Vitello sent Roberts a bill for the Jefferson Barracks Project totaling $15,977. Five days later, Roberts protested its amount claiming Paul Vitello had agreed to charge $6,870 for the project. Roberts fired Vitello, and did not pay for Vitello's labor although Roberts did pay for some materials. On May 13, 1996, Vitello filed suit alleging that there was a written contract, that Vitello performed work for Roberts, and that Roberts refused to pay. The trial court found for Vitello in the amount of $10,448.68. Roberts appeals.

"In court-tried cases, a motion to dismiss filed at the close of a plaintiff's case is treated as a submission on the merits, requiring the court to determine credibility of the witnesses and to weigh the evidence." *Temple v. McCaughen & Burr, Inc.*, 839 S.W.2d 322, 325 (Mo.App. E.D.1992). Therefore, this Court views evidence in the light most favorable to the judgment. *Id.* Judgment is to be affirmed except where it is against the weight of the evidence, there is no substantial evidence, or the trial court erroneously declared or applied the law. *Id.*; *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Under common law, a modification of an offer constitutes a counter-offer rather than an acceptance. *Payne v. E & B Carpet Cleaning, Inc.*, 896 S.W.2d 650, 651 (Mo.App. E.D.1995). Elizabeth Vitello's modifications by striking of provisions from the contract constituted a counteroffer to Roberts's offer.

It follows that the first issue is whether Roberts accepted Vitello's counter-offer, resulting in a contract.

Testimony from both parties was that Roberts never signed the writing that was modified by Elizabeth Vitello. Vitello's evidence showed Roberts orally told Vitello to "go ahead and start" on the project. A written offer may be orally accepted, resulting in an oral contract. *Moore v. Kuehn*, 602 S.W.2d 713, 718 (Mo.App.1980); *Hahn v. Forest Hills Construction Co.*, 334 S.W.2d 383, 385–386 (Mo.App.1960). Therefore, at best there was an oral contract between Vitello and Roberts.

However, actions on oral contracts are limited to the five year statute of limitations. Section 516.120(1) RSMo (1994). A cause of action accrues under the statute when the damage resulting from the alleged breach is "capable of ascertainment." Section 516.100 RSMo (1994). The last communication between the parties was the December 31, 1990 invoice from Vitello to Roberts. Vitello was capable of ascertaining damages by that time. Nevertheless, Vitello filed suit on May 13, 1996, over five years later. Therefore, the claim on contract action is barred by the statute of limitations.

Vitello asserts that a ten year statute of limitations applies because several letters and documents constitute a contract for the payment of a specific sum of money. Vitello relies on Section 516.110(1) RSMo (1994), which mandates a ten year statute of limitations for "an action upon any writing, whether sealed or unsealed, for the payment of money or property." Vitello argues that the "writing" includes 1) the original bid, 2) Roberts's letter to Vitello accompanying an early version of the contracts and, 3) the invoice from Vitello to Roberts. Vitello refers to these documents for the first time on appeal. The only writing referred to in the original petition was a contract dated September 13, 1990. No such written contract exists, therefore, the ten year statute of limitations does not apply.

Even if the documents cited by Vitello somehow constituted a written contract, Missouri courts have long held that "it must

appear in the statement of the cause of action that the money or property sued for is promised to be paid or given by the language of the writing." *Parker–Washington Co. v. Dennison,* 267 Mo. 199, 183 S.W. 1041, 1042 (1916). None of the other three documents cited by Vitello establish an "absolute and fixed liability" to pay money that is "evidenced by a writing," *McIntyre v. Kansas City,* 237 Mo.App. 1178, 171 S.W.2d 805 (1943).

Finally, Vitello's claim cannot stand on the basis of quantum meruit. All services rendered by Vitello for Roberts occurred before December 31, 1990. Like the claim on the oral contract, a claim based on the theory of quantum meruit is also barred by the applicable statue of limitations. Section 516.120 RSMo 1996.

Judgment reversed.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.