H. Rick TINUCCI, Plaintiff/Respondent,

v.

R.V. EVANS COMPANY, Defendant/Appellant.

No. 74112.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 1, 1998.

Rehearing Denied March 4, 1999.

Edward T. Graham, Jr., James O. Beavers, Taylorville, for appellant.

Jeffery T. McPherson, St. Louis, for respondent.

ROBERT E. CRIST, Senior Judge.

Defendant R.V. Evans Company (Evans) appeals from the trial court's grant of summary judgment in favor of the plaintiff H. Rick Tinucci in his petition in equity for specific performance of a settlement agreement between Tinucci and Evans.

▪ Initially, we address Tinucci's motion to dismiss the appeal and Evans's motion to amend its brief, which were taken with the case. Tinucci complains that Evans's points relied on fail to conform to Rule 84.04(d). In response, Evans proposes to amend its brief, contending the correct point relied on was inadvertently omitted. While this court does not condone violations of Rule 84.04, we nonetheless grant Evans's motion to amend its brief. The facts of the case are simple

and the point in contention is clear to this court. Further, Tinucci was never prejudiced by Evans's original failure because he clearly understood the disputed question of law and aptly responded to it. *See, Jos. A. Bank Clothiers, Inc. v. Brodsky*, 950 S.W.2d 297, 302 (Mo.App. E.D.1997). Despite Evans's inadequacy, we deny Tinucci's motion to dismiss and grant Evans's motion to amend its brief to reflect its proposed amendment as outlined in its motion.

■ Evans contends on appeal that the trial court erred in granting summary judgment for Tinucci because there was no valid settlement between them. The standard of appellate review on appeal of a summary judgment is essentially *de novo* and the propriety of summary judgment is a matter of law. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). However, we review the record in the light most favorable to the party against whom judgment was entered and accord the non-movant the benefit of all reasonable inferences from the record. *Id.* Summary judgment is permissible where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(3); *Rice v. Hodapp*, 919 S.W.2d 240, 243 (Mo. banc 1996).

Using this standard, the record reveals the following facts, which are largely undisputed. Evans is an Illinois company doing business in Missouri in the packaging business. In early 1997, Evans hired Tinucci as General Manager of its St. Louis office. At that time, Evans and Tinucci entered into a written employment agreement providing a term of employment from February 1, 1997 to December 31, 1998. The agreement provided that Evans could terminate Tinucci's employment for good cause arising out of misconduct directly related to his employment and affecting Evans's business. It further provided that all disputes shall be submitted to binding arbitration.

On June 6, 1997, Evans fired Tinucci. On June 13, 1997, Evans sent Tinucci a letter containing a draft of a mutual release for his review. In the event Tinucci signed the release, Evans offered to pay him one month's pay plus three weeks' vacation pay ($9,166.67 less the usual withholding). The president of Evans, Richard V. Evans, Jr., had already signed the mutual release. On June 23, 1997, Tinucci sent a letter to Evans rejecting the June 13 proposal and making a counteroffer. He argued that his termination violated the employment contract.

On July 7, 1997, Evans sent another letter to Tinucci rejecting his counteroffer. The letter stated:

> R.V. Evans company has declined your client's counteroffer following an intensive review of the facts and circumstances. Enclosed is a partial list of items which summarizes what we believe clearly constitutes misconduct directly related to Mr. Tinucci's employment and affecting R.V. Evans Company business efforts in the St. Louis area. We are able to produce numerous witnesses and documents to support these allegations.
>
> The decision to terminate Mr. Tinucci's employment was made following numerous efforts to get Mr. Tinucci to do his job, i.e., manage the company operations. We interviewed several employees and acquaintances and can prove the allegations set forth in the enclosed handwritten summary.
>
> I suggest that we submit this matter to arbitration as our Agreement with Mr. Tinucci provides in the absence of settlement as proposed.

Nothing further was heard from either party until September 30, 1997. At that time, Tinucci wrote to Evans and stated that he had decided to accept Evans's offer to settle the matter pursuant to the terms as set forth in the June 13 letter. Tinucci enclosed a signed copy of the mutual release and requested his final check of $9,166.67 less the usual withholding. On October 24, 1997, Evans responded it was not willing to reinstate the June 13 offer, which it contended had been rejected by Tinucci's counteroffer of June 23. Evans indicated several additional items had come to light which hardened his position.

On November 18, 1997, Tinucci filed a petition for specific performance of the set-

tlement agreement. Both parties filed motions for summary judgment with the pertinent letters attached. After considering the evidence, the court denied Evans's motion for summary judgment and entered summary judgment in favor of Tinucci ordering Evans to pay him $9,166.67 less the required withholding plus his costs. Evans appeals this judgment.

On appeal, Evans contends the trial court erred in granting summary judgment for Tinucci because there was no outstanding offer at the time Tinucci tendered his acceptance. Evans argues the June 13 offer was specifically rejected by Tinucci and its July 7 correspondence suggesting arbitration did not offer settlement or revive its earlier June 13 offer.

An agreement to settle is a species of contract and is governed by contract law. *Payne v. E & B Carpet Cleaning, Inc.*, 896 S.W.2d 650, 651 (Mo.App. E.D.1995). To have a legal, valid compromise settlement, it must possess all the essential elements of any other contract. *Randall v. Harmon*, 761 S.W.2d 278, 279 (Mo.App. S.D.1988). The basic elements of a contract are offer, acceptance and consideration. In order to contract, there must be a definite offer and an unequivocal acceptance. *Coffman Industries, Inc. v. Gorman–Taber Co.*, 521 S.W.2d 763, 769 (Mo.App.1975).

To constitute an offer sufficient to result in a contract, the offer must be definite in its terms that the promises and performances required by each party are reasonably certain. *In re Estate of Munzert*, 887 S.W.2d 764, 768 (Mo.App. E.D.1994). Any acceptance that includes new or variant terms from the offer amounts to a counteroffer and a rejection of the offer, which becomes open again only when renewed by the offeror. *American Nat. Ins. Co. v. Noble Communications Co., Inc.*, 936 S.W.2d 124, 132 (Mo.App. S.D.1996).

It is clear that Tinucci initially rejected Evans's June 13 offer and proposed a counteroffer. The crux of the case is the meaning of one sentence in Evans's July 7 letter and whether or not it constituted a revival of its prior offer. The disputed sentence is the last sentence in the letter where Evans's attorney states: "I suggest that we submit this matter to arbitration as our Agreement with Mr. Tinucci provides in the absence of settlement as proposed." Tinucci argues that the sentence means that if he fails to accept the proposed settlement offer of Evans, then the matter should be submitted to arbitration. Therefore, under Tinucci's argument, Evans renewed its prior offer. Evans, on the other hand, argues the sentence means the matter should be submitted to arbitration because the parties have failed to reach a settlement.

Each party argues its interpretation of the sentence entitles it to summary judgment as a matter of law. However, each party's interpretation is reasonable from the wording of the letter. Therefore, despite their contentions to the contrary, it appears as if a genuine issue of material fact remains in the case. Where the evidence regarding a contract is conflicting or is capable of more than one inference, the question raised is one of fact for the trier of fact to determine. "The standard is what a reasonably prudent person would be led to believe from the actions and words of the parties and this is a question to be resolved by the trier of fact." *Silver Dollar City, Inc. v. Kitsmiller Const. Co., Inc.*, 931 S.W.2d 909, 914 (Mo.App. S.D. 1996). Under the circumstances presented, only the trier of fact can determine whether the language used by Evans constituted a renewal of the prior offer. Accordingly, the trial court erred in entering summary judgment in favor of Tinucci.

We reverse and remand for further proceedings consistent with this opinion.

ROBERT G. DOWD, Jr., C.J.,and KAROHL, J., concur.