Phyllis TIRMENSTEIN, Respondent,

v.

**CENTRAL STATES BASEMENT AND FOUNDATION REPAIR, INC., f/k/a Waterproofing of Missouri, Inc., Appellant.**

No. ED 84119.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 26, 2004.

David W. Cody, Beck & Cody, L.C., St. Louis, MO, for appellant.

Fairfax Jones, Casserly Jones, P.C., St. Louis, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

### Introduction

Central States Basement and Foundation Repair, Inc., f/k/a Central States Waterproofing of Missouri, Inc., ("Central States") appeals the judgment of the Circuit Court of St. Louis County granting Phyllis Tirmenstein's ("Tirmenstein") Motion to Enforce Settlement. On appeal, Central States argues that the trial court erred when it granted Tirmenstein's Motion to Enforce Settlement because: (1) Central States' attorney did not have actual authority to accept Tirmenstein's modified release agreement, and (2) Tirmenstein and Central States never agreed to the language or terms of the release agreement. Because we conclude that Tirmenstein and Central States did not reach an enforceable agreement, we reverse.

### Background Facts

Tirmenstein and Central States agreed to a services contract and guarantee by which Central States would provide waterproofing services in Tirmenstein's basement for a period of 20 years for $4,660.00. Central States agreed to install a system of pipes to provide waterproofing for Tirmenstein's basement in a good and workmanlike manner. The guarantee stated that "Contractor agrees to service the seepage of water through the sub-soil masonry wall and floor for the areas specified herein for a period of 20 years from the date of this agreement, without additional charge to Owner for labor, materials and pump." After Central States completed the work, Tirmenstein's basement flooded twice. Following the second flooding, Central States performed additional work in an attempt to correct any problems.

Tirmenstein filed a Petition in the Circuit Court alleging that Central States' work was not completed in a good and workmanlike manner, resulting in damage. Thereafter, Tirmenstein and Central States agreed to settle Tirmenstein's claim for $1,800.00. Central States prepared a release and submitted it to Tirmenstein. This release was silent on the issue of whether Central States was relieved from responsibility set forth in the guarantee. Tirmenstein rejected the release prepared by Central States and submitted a modified release to Central States which specifically excluded the guarantee from the scope of the release. Central States rejected the terms of the modified release and refused to pay Tirmenstein $1,800.00 or execute the modified release.

Thereafter, Tirmenstein filed her Motion to Enforce Settlement contending that her proposed release explicitly excluding the guarantee from the scope of the release, along with the agreement to pay her

$1,800.00, accurately reflected the settlement reached between the parties. The trial court granted Tirmenstein's Motion to Enforce Settlement without an evidentiary hearing. Central States filed a Motion to Reconsider Order and Judgment with an attached Affidavit, which the trial court also denied without an evidentiary hearing. This appeal followed.

### Standard of Review

We sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The party requesting specific performance of a settlement agreement has the burden of proving his or her claim for relief by clear, convincing, and satisfactory evidence. *Payne v. E & B Carpet Cleaning, Inc.*, 896 S.W.2d 650, 651 (Mo. App. E.D.1995). The trial court is afforded much discretion in deciding whether to award the equitable remedy of specific performance. *McBee v. Gustaaf Vandecnocke Revocable Trust*, 986 S.W.2d 170, 173 (Mo. banc 1999).

### Discussion

Central States argues that the trial court erred when it granted Tirmenstein's Motion to Enforce Settlement because no settlement agreement had been reached between Tirmenstein and Central States. Central States argues that: (1) its attorney did not have actual authority to accept Tirmenstein's modified release agreement, and (2) Tirmenstein and Central States never agreed to the language or terms of the release agreement. Because we find Central States' second point is dispositive, we decline to address its first point.

In its second point, Central States argues that the trial court erred in granting Tirmenstein's Motion to Enforce Settlement because Tirmenstein and Central States never agreed to the language or terms of the release. An agreement to settle is governed by contract law. *Payne*, 896 S.W.2d at 651. A legal, valid settlement agreement must possess all the essential elements of any other contract. *Tinucci v. R.V. Evans Co.*, 989 S.W.2d 181, 184 (Mo.App. E.D.1998). The basic elements of a contract are offer, acceptance and consideration. *Id.* Any acceptance that includes new or variant terms from the offer amounts to a counter-offer. *Id.*

It is clear from the facts of the case that no valid settlement agreement was reached between Tirmenstein and Central States. Tirmenstein and Central States agreed that Tirmenstein's claim could be settled for $1,800.00 and upon Central State's preparation of a "full and complete" release. Central States' original release, which was silent on the issue of whether Central States was relieved of responsibility under the guarantee, constituted an offer. Tirmenstein prepared a new release that added the language "Central States shall remain obligated to [Tirmenstein] to perform its obligations described in the Certificate of Guarantee dated November 10, 1994...." This constituted a counter-offer by Tirmenstein. Central States rejected Tirmenstein's counter-offer when it refused to execute the modified release.

Our decision in *Custom Builders Corporation v. Chesebro*, 825 S.W.2d 15, 17 (Mo. App. E.D.1992), is instructive. In *Custom Builders*, homeowners contracted with a builder for construction of a custom home. However, the homeowners refused to pay the balance due on the contract, claiming the builder improperly installed the roof. Following settlement negotiations, the builder's attorney sent the homeowners' attorney a mutual release accompanied by

a letter stating that the builder would deliver lien waivers in exchange for the homeowners' payment of $3,200.00 and execution of two releases.

The builder's proposed release included language releasing the builder from any guarantee on "material and workmanship." The homeowners amended the builder's mutual release by deleting the words "material and," executed the release, and mailed copies to the builder. Upon receipt of the modified release, the builder's attorney re-inserted the language "material and." The homeowners refused to execute the re-altered release. The builder responded by filing a petition to enforce the settlement agreement.

In that case, we affirmed the trial court's judgment in favor of the homeowners, holding, among other things, that the original mutual release was an offer, that the homeowners' amended mutual release was a counter-offer, and that the builder's re-insertion of the words "material and" was a counter-offer that the homeowners never accepted. Accordingly, we found there was insufficient evidence to support a finding that the parties entered into a contract. *Id.*

As in *Custom Builders,* Central States' proposed release constituted an offer, and Tirmenstein's proposed modified release constituted a counter-offer. Because Central States did not accept Tirmenstein's counter-offer, no valid settlement agreement was reached between the parties. Therefore, the judgment of the trial court is reversed.

KATHIANNE KNAUP CRANE, and ROBERT G. DOWD, Jr., JJ., Concur.