ST. LOUIS UNION STATION
HOLDINGS, INC.,
Appellant,

v.

The DISCOVERY CHANNEL STORE,
INC., Respondent.

No. ED 92838.

Missouri Court of Appeals,
Eastern District,
Division Six.

Dec. 15, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 25, 2010.

David O. Kreuter, Clayton, MO, for Appellant.

Mark F. (Thor) Hearne, II, Lindsay S.C. Brinton, Meghan S. Largent, Saint Louis, MO, for Respondent.

## *OPINION*

GLENN A. NORTON, Presiding Judge.

St. Louis Union Station Holdings, Inc. ("Union Station") appeals the judgment enforcing a settlement agreement between Union Station and The Discovery Channel Store, Inc. ("Discovery Channel"). We affirm.

### I. BACKGROUND

Union Station, as landlord, and Discovery Channel, as tenant, were parties to a lease agreement. In August 2007, Discovery Channel ceased doing business, abandoned its premises at Union Station, and was thereby in default under the lease. On September 5, 2007, Union Station, by its general manager, Byron Marshall, filed a verified petition against Discovery Channel seeking payment of rent due under the lease.

On September 21, 2007, the following email exchange took place between Marshall and Tom Davidson (a real estate salesperson employed by DJM Realty, a broker engaged by Discovery Channel):

[From Marshall to Davidson]:

I am aware that you have had conversations with both my colleague, John Fee

as well as our attorney, Michael Wolff representing St. Louis Union Station regarding the lease termination of Discovery Channel Store, and thus after most recently speaking with our ownership, our owner will agree to counter your previous offers with $220,000.00.

[From Davidson to Marshall]:

Your lease termination counteroffer of $220,000 "all inclusive and as is condition" is accepted for Discovery Channel St. Louis Union Station. Kindly prepare the lease termination agreement and e-mail it to me for processing and review by Discovery.

On January 18, 2008, Discovery Channel filed a motion to enforce settlement. Both parties submitted pleadings and exhibits detailing their respective positions and on January 31, 2008, arguments on the motion were heard. Both Union Station and Discovery Channel were present and represented by counsel at the January 31 hearing. On April 4, 2008, the court entered an order granting Discovery Channel's motion.[1] Following the court's April 4, 2008 order granting Discovery Channel's motion to enforce settlement, Union Station filed a motion to reconsider and a second hearing was held on February 9, 2009. Thereafter, on February 19, 2009, the court issued its final order and judgment enforcing the settlement agreement and dismissing the cause of action. Union Station filed the instant appeal.

## II. DISCUSSION

Union Station raises three points on appeal. In its first point on appeal, Union Station argues the trial court erred in entering judgment enforcing a settlement because there was no enforceable agreement in that there was no written agree-

ment signed by an agent with written authorization to terminate the subject lease. In its second point on appeal, Union Station argues the trial court erred in entering judgment enforcing a settlement because there was no enforceable agreement in that there was no offer and acceptance and no meeting of the minds. In its third and final point on appeal, Union Station argues the trial court erred in entering judgment enforcing a settlement because Discovery Channel failed to prove a settlement by clear and convincing evidence in that there was no hearing to determine the evidence. For the reasons stated below, we affirm.

## A. Standard of Review

When reviewing a trial court's judgment enforcing a settlement, we will affirm unless the judgment is against the weight of the evidence, there is no substantial evidence to support it, or the court erroneously applied or declared the law. *Ste. Genevieve County Levee District # 2 v. Luhr Bros.*, 288 S.W.3d 779, 782 (Mo.App. E.D.2009). We view the evidence in the light most favorable to the trial court's judgment, disregarding all contrary inferences and evidence. *Id.* "[W]e will set aside a judgment as against the weight of the evidence only upon a firm belief that the trial court was wrong." *Id.* at 783.

"Moreover, a motion to enforce settlement adds a collateral action for specific performance of the settlement agreement." *Id.* (internal quotations omitted). Because specific performance is an equitable remedy, we will afford the trial court great deference in granting a motion to enforce settlement. *Id.*

*Union Station Holdings, Inc. v. The Discovery Channel Store, Inc.*, 272 S.W.3d 504 (Mo.App. E.D.2008).

1. Union Station filed its first notice of appeal on May 12, 2008. This Court dismissed that appeal for lack of a final judgment. *St. Louis*

**B. The Trial Court did not Err in Entering its Judgment Enforcing the Settlement**

**1. Discovery Channel Proved the Existence of an Enforceable Settlement Agreement**

■ A party seeking to enforce a settlement must prove the existence of a settlement by clear, convincing and satisfactory evidence. *Eaton v. Mallinckrodt, Inc.,* 224 S.W.3d 596, 599 (Mo. banc 2007). Contract law governs the question of whether the parties entered into an enforceable settlement agreement. *Emerick v. Mutual Benefit Life Insurance Co.,* 756 S.W.2d 513, 518 (Mo. banc 1988). Thus, to establish a legal, valid settlement agreement, one must prove the essential elements of a contract: offer, acceptance and consideration. *Tinucci v. R.V. Evans Co.,* 989 S.W.2d 181, 184 (Mo.App. E.D.1998). The creation of a valid settlement agreement requires a meeting of the minds and a mutual assent to the essential terms of the agreement. *Emerick,* 756 S.W.2d at 518.

**a. The Statute of Frauds does not Bar Enforcement of the Parties' Settlement Agreement**

In its first point on appeal, Union Station argues the trial court erred in entering judgment enforcing the settlement agreement because the agreement was barred by the statute of frauds. We disagree.

■ The statute of frauds provides:

No action shall be brought . . . upon any contract made for the sale of lands, tene-ments, hereditaments, or an interest in or concerning them, or any lease thereof, for a longer time than one year, or upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized, and no contract for the sale of lands made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract.

Section 432.010 RSMo 2000. Thus, under the statute of frauds any agreement to modify the terms of a lease, including an agreement to terminate the lease, must be in writing. Union Station claims the statute of frauds applies in this case,[2] arguing "without a written lease termination signed by [Union Station], there was no agreement (settlement or otherwise) to enforce."

Union Station's argument mischaracterizes the agreement at issue here. The agreement that is the subject of this appeal is an agreement to settle the lawsuit filed by Union Station against Discovery Channel. The lawsuit did not seek modification or termination of the lease, nor did it involve a disputed modification to the lease. Instead, the lawsuit solely sought monetary relief for Discovery Channel's breach of the lease agreement.

This Court has held the statute of frauds does not apply to a motion to enforce the settlement of a lawsuit seeking only mone-

---

**2.** Union Station also argues that the written lease agreement contains a provision requiring that any modification, including termination, of the lease must be made in writing. As explained further below, the agreement enforced by the trial court was an agreement to settle the lawsuit for money damages, not an agreement to modify or terminate the lease. Therefore, the modification clause of the lease agreement is inapplicable to our determination of whether the settlement agreement was enforceable.

tary relief. *McPherson Redevelopment Corporation v. Shelton,* 770 S.W.2d 448, 451–52 (Mo.App. E.D.1989). In *McPherson,* we explained, "[i]n determining whether the Statute of Frauds is applicable to a compromise settlement, the courts are concerned with the intended effect of the compromise, and not with the question whether the parties' antecedent claims are based on matters governed by the Statute of Frauds." *Id.* at 451 (internal quotations omitted).

Here, the settlement agreement resolved Union Station's lawsuit for monetary relief; it is irrelevant that the suit's antecedent claim involved a terminated (or breached) lease agreement. Consistent with our holding in *McPherson,* the statute of frauds does not apply to the parties' agreement to settle Union Station's claim for monetary damages. Furthermore, because the statute of frauds does not apply to the parties' settlement agreement, *McPherson, supra,* Discovery Channel was not required to plead or prove any written authorization for Marshall to settle the lawsuit.[3]

In conclusion, because the statute of frauds does not apply to the parties' agreement to settle the lawsuit, it was not necessary for Discovery Channel to establish the existence of a writing signed by an agent with written authorization to settle the lawsuit. Point one is denied.

**b. Discovery Channel Established a Meeting of the Minds and a Mutual Assent to the Essential Terms of the Settlement Agreement**

In its second point on appeal, Union Station argues the court erred in entering its judgment enforcing the settlement because there was no offer and acceptance, and therefore no meeting of the minds necessary to form an enforceable agreement. We disagree.

The email exchange between Marshall and Davidson provides clear and convincing evidence of an offer and acceptance. Marshall communicated to Davidson the following: "[O]ur owner will agree to counter your previous offers with $220,000.00." This constituted a valid offer. Davidson's response stating, "Your lease termination counteroffer of $220,000 'all inclusive and as is condition' is accepted for [Discovery Channel]," effectively accepted Marshall's offer.

Union Station argues that by inserting the language "all inclusive and as is condition" into its purported acceptance, Discovery Channel added a substantial condition to Union Station's offer. Union Station, however, fails to provide an explanation of the possible meaning of this language, and therefore does not clarify or define exactly how this language altered the offer to settle the lawsuit for $220,000.

We agree with Discovery Channel that Davidson's inclusion of the phrase "all inclusive and as is condition" did not add a substantial condition to the offer to settle the lawsuit. Again, the lawsuit solely sought monetary damages for the breach of the lease agreement. The e-mail exchange between Marshall and Davidson included all material terms to settle the pending lawsuit for monetary damages. We find no error in the court's determina-

---

**3.** We note the trial court found Marshall's authority to settle the lawsuit was clearly established. Union Station's verified petition for monetary damages was signed by Marshall as "general manager" of Union Station. In his sworn affidavit accompanying the petition, Marshall attested to having personal knowledge of the matters alleged in the petition. We find no error in the trial court's determination that, as the one with the authority to file the lawsuit on Union Station's behalf, Marshall had authority to negotiate on Union Station's behalf, and therefore was authorized to settle the lawsuit.

tion that there was a sufficient meeting of the minds to settle the underlying lawsuit. Point two is denied.

## 2. The Record Shows Hearings were Held on the Motion to Enforce Settlement

■ In its third and final point on appeal, Union Station argues that the court erred in entering its judgment enforcing settlement because Discovery Channel failed to prove a settlement by clear and convincing evidence in that there was no hearing to determine the evidence. More specifically, Union Station claims that because the court considered matters outside the pleadings (specifically, the e-mail communications), the motion was treated as one for summary judgment, which required notice to the parties. Union Station claims that it did not receive the requisite notice, nor was it afforded the opportunity to provide its own exhibits and affidavits. Therefore, according to Union Station, the judgment must be reversed.

Union Station's third point is without merit. The record shows on January 31, 2008, a hearing was held on Discovery Channel's motion to enforce settlement. Both Union Station and Discovery Channel were present and represented by counsel at the January 31 hearing. Prior to the hearing, both parties submitted pleadings and exhibits detailing their respective positions. At the hearing, both parties argued their respective positions. Moreover, following the court's April 4, 2008 order granting Discovery Channel's motion to enforce settlement, Union Station filed a motion to reconsider and a second hearing was held on February 9, 2009.

Thus, the record establishes that Union Station was given notice and an opportunity to be heard on Discovery Channel's motion to enforce settlement. Following the January 31 hearing, the court took the matter under advisement and considered the parties' pleadings, exhibits and oral arguments prior to issuing its ruling. In issuing its ruling, the court specifically stated it was "satisfied that [Discovery Channel] has shown by clear and convincing evidence that an enforceable settlement had been reached between the parties." We agree with the trial court. Point three is denied.

## 3. Conclusion

The statute of frauds does not apply to the parties' settlement agreement; therefore, proof of a writing signed by a party with written authorization to settle the lawsuit was not required. The email exchange between Marshall and Davidson provided clear and convincing evidence of the existence of an agreement to settle Union Station's lawsuit for money damages. Finally, the hearings held on Discovery Channel's motion to enforce settlement afforded Union Station sufficient notice and opportunity to be heard on Discovery Channel's motion. We find no error of law. The judgment was supported by substantial evidence and was not against the weight of the evidence.

## III. CONCLUSION

The judgment is affirmed.

LAWRENCE E. MOONEY, J., and SHERRI B. SULLIVAN, J., concur.