

# Missouri Court of Appeals
## Southern District
### Division Two

TRI-LAKES TITLE & ESCROW, LLC, )
            )
  Plaintiff,       )
            )
vs.            )   No. SD33110
            )
MORRIS GROUP, INC.,     )   Filed September 30, 2014
            )
  Defendant-Respondent,  )
            )
and           )
            )
KILIMANJARO, LLC,     )
            )
  Defendant-Appellant.   )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Mark Orr, Circuit Judge

### AFFIRMED AND REMANDED WITH DIRECTIONS

Kilimanjaro, LLC ("Kilimanjaro"), appeals the trial court's judgment in favor of Morris Group, Inc. ("Morris Group"). Kilimanjaro claims that the trial court erred in its interpretation of the effective date of a contract between the two parties. Because Kilimanjaro premises its claim upon a definition of "effective date" that never became part of the contract between the parties, we affirm. We remand the case to the trial court for an evidentiary hearing and entry of judgment on Morris Group's motion for attorney fees on appeal.

## Facts and Procedural History

This case began as an interpleader action by Tri-Lakes Title & Escrow, LLC, to determine the rights to certain earnest money held in escrow pursuant to an agreement between Kilimanjaro and Morris Group. In 2008, Morris Group owned the Quality Inn Motel and was attempting to sell it. On March 26, 2008, Kilimanjaro offered to buy the motel for $5,100,000. The offer contained a provision stating that the effective date of the contract would be "the date of final acceptance hereto, as indicated by the date adjacent to the signature of the last party to sign this Contract or the Counter Offer attached hereto (if any)." The offer specified that Kilimanjaro would provide $51,000 in earnest money and contemplated that enforceability of the entire contract was contingent on Kilimanjaro being able to obtain financing through SBA. It also provided Kilimanjaro with forty-five days from the effective date to obtain such financing. In the event that Kilimanjaro tried, in good faith, to obtain such financing and was unable to do so, the offer provided that Kilimanjaro must give notification to Morris Group by either sending Morris Group a statement from the lender that turned them down or by notarized affidavit. Failure to timely do so within forty-five days after the effective date would waive Kilimanjaro's right to recover the earnest money. The offer was memorialized in a written document entitled "Commercial and Industrial Real Estate Contract" and that referenced itself within as the "Contract." While there were places on this document for Morris Group to accept or reject it, Morris Group signed neither, but initialed and checked the statement that "Seller . . . counter offers (Counter Offer Form MSC-2040, which amends the terms of this Contract, is attached and incorporated into this Contract)."

Morris Group's Counter Offer was memorialized on March 31, 2008, in a form MSC-2040 document entitled "Counter Offer #One" that stated, "Only the terms contained in this Counter Offer, together with the remaining unchanged terms of the Contract[1] (including any other addenda or riders attached thereto), constitute the new offer."[2] The Counter Offer designated a purchase price of $5,350,000. Because the motel was already subject to an existing sale contract to another party, the Counter Offer conditioned Kilimanjaro's purchase upon Kilimanjaro assuming first position as a buyer if the existing contract was not consummated with a sale of the motel. The Counter Offer further specified, among other changes not relevant to this appeal, that the "Effective date will be date Buyer is notified they are in 1st position." Kilimanjaro signed the "Acceptance . . . of Counter Offer" provision on this form on April 4, 2008, agreeing "to the modification(s) or additional term(s) and condition(s) in the Counter Offer" and accepting "the Contract, as modified by this Counter Offer[.]"

Kilimanjaro was notified that it had moved to first position as Buyer on May 7, 2008. An "amendment" to the contract was signed by the parties on May 12, 2008, expressly stating that the "effective date" of the contract would be May 7, 2008, because the "Contract has been moved from 'Back up Offer' to first position[.]" Kilimanjaro and Morris Group "amended" the contract again on June 13, 2008, to lower the price to $5,200,000, due to costs to update the motel. Kilimanjaro was unable to obtain financing, and the deal ultimately fell though. Both parties claimed ownership of the earnest money held in escrow.

---

[1] Neither party disputes that this term references the document whereby Kilimanjaro made its initial offer to purchase the motel.
[2] For clarity, we will refer to the first offer by Kilimanjaro as the "Initial Offer," even though the document refers to itself and subsequent documents refer to it as the "Contract." We will refer to the responding offer made by Morris Group as the "Counter Offer."

At trial, Kilimanjaro argued that the effective date was to be determined by the date of the last "amendment," June 13, in accord with the definition of "effective date" set forth in its Initial Offer. In contrast, Morris Group argued that the effective date was May 7, as expressly stated in the first "amendment" and in accord with the definition set forth in its Counter Offer. The trial court found that the effective date of the contract was May 7 and, therefore, Kilimanjaro had until June 21 to obtain financing or advise Morris Group of its inability to do so. Because Kilimanjaro did not do so and did not tender the purchase price at closing, the trial court determined that Morris Group had superior rights to the earnest money. Judgment was entered for Morris Group on October 3, 2013. Kilimanjaro filed a Motion to Amend on October 29, 2013. That motion was denied. This appeal followed.[3]

## Standard of Review

The standard of review for a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court will be affirmed unless insufficient evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id*.

---

[3] Morris Group claims that judgment became final in this case on December 16, 2013, the date Morris Group asserts Kilimanjaro's after-trial motion was denied, and thus Kilimanjaro's Notice of Appeal, filed on January 3, 2014, was untimely because it was filed more than ten days after the judgment became final. See Rule 81.04(a). An order denying Kilimanjaro's after-trial motion, however, was not entered on December 16. The trial court specifically found: "The court notes and agrees that the docket entry of 12/16/014 [sic] was not entered into Case.net or sent out to the Attorney on that date – Judge Orr, tm." Judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed. Rule 81.05(a)(1). If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of ninety days from the date the last timely motion was filed or the date of ruling of the last motion to be ruled. Rule 81.05(a)(2). Because the record does not reflect a ruling on Kilimanjaro's after-trial motion was entered on December 16, 2013, or on any other date, judgment became final in this case ninety days from the date the last timely motion was filed. Kilimanjaro filed its Motion to Amend on October 29, 2013. Judgment thus became final ninety days later on January 28, 2014. Kilimanjaro's Notice of Appeal was not untimely but rather premature and we consider it filed immediately after the time the judgment becomes final. Rule 81.05(b).

Rule references are to Missouri Court Rules (2014).

4

## Discussion

Kilimanjaro contends that a plain reading of the contract would include the last "amendment" as part and parcel of the contract such that the effective date is the date of the very last signature as determined by the definition of "effective date" set forth in its Initial Offer. Because the definition of "effective date" set forth in the Initial Offer did not become part of the contract between the parties, Kilimanjaro's argument fails.

Negotiations or preliminary steps toward a contract do not constitute a contract. *Gateway Exteriors, Inc. v. Suntide Homes, Inc*., 882 S.W.2d 275, 279 (Mo.App. 1994) (citing *Cervantes v. Ryan*, 799 S.W.2d 111, 116 (Mo.App. 1990)). A contract can only exist when there is an offer and a mirror-image acceptance. *Pride v. Lewis*, 179 S.W.3d 375, 379 (Mo.App. 2005). "Any acceptance that includes new or variant terms from the offer presented amounts to a counter-offer and a rejection of the original offer." *Id.* (citing *Tirmenstein v. Cent. States Basement & Found. Repair, Inc.*, 148 S.W.3d 849, 851 (Mo.App. 2004), and *Tower Props. Co. v. Allen*, 33 S.W.3d 684, 688 (Mo.App. 2000)).

Here, Morris Group responded to Kilimanjaro's Initial Offer in a document labeled "Counter Offer # One." Morris Group varied certain terms with this document, such as the purchase price and the definition of "effective date," among others. Because this response was not a mirror image of the Initial Offer, it was a rejection of the Initial Offer and became a separate offer. Both parties signed this document indicating their intent to be bound by the terms in the Counter Offer and thus acceptance of the terms in the Counter Offer. Those terms incorporated the provisions of the Initial Offer subject to the specified changes. Kilimanjaro signed the Counter Offer stating acceptance of those

5

changes. Any conflicting provisions in the Initial Offer did not become a part of the contract between the parties.

In other words, because the Counter Offer stated that the effective date would be the date that Kilimanjaro moved to first position, the conflicting definition in the Initial Offer never became a part of the contract between the parties. Thus, Kilimanjaro cannot rely on the definition of "effective date" contained in its Initial Offer. Without reliance on that definition, Kilimanjaro's argument that the parties understood the date of the final "amendment" to be the effective date is without merit. Kilimanjaro's point is denied.

## Motions for Attorney Fees on Appeal

Both parties have filed motions for attorney fees on appeal stipulating that the contract between them provides for an award of reasonable attorney fees to the prevailing party on appeal. Accordingly, Morris Group's motion is sustained, and Kilimanjaro's motion is denied.

While we have the authority and expertise "'to fix the amount of attorney fees on appeal . . ..the trial court is in a much better position to hear evidence and argument on this issue and make a determination of the reasonableness of the requested fees[.]'" *Timberland Forest Products, Inc. v. Franks*, 419 S.W.3d 806, 812 (Mo.App. 2013) (quoting *SE Co–Op Serv. Co. v. Hampton*, 263 S.W.3d 689, 696-97 (Mo.App. 2008)). Thus, we prefer to defer our authority to the trial court. *See id*. On remand, the trial court should hold a hearing to determine a reasonable attorney fee on appeal as requested by Morris Group and enter judgment accordingly.

## Decision

The trial court's judgment is affirmed. The case is remanded to the trial court for an evidentiary hearing and entry of judgment on Morris Group's motion for attorney fees on appeal.


GARY W. LYNCH, J. -  Opinion author

NANCY STEFFEN RAHMEYER, J. - concurs

DON E. BURRELL, J. - concurs